TURNER *v.* STATE.

Opinion delivered July 7, 1913.

1. CONFESSION—IMPROPER INFLUENCES—PRESUMPTION.—Where improper influences have been exerted to obtain a confession from one accused of a crime, the presumption arises that a subsequent confession of the same crime flows from that improper influence; but such presumption may be overcome by positive evidence that the subsequent confession was given free from undue influence. (Page 334.)

2. CONFESSION—EVIDENCE—PRESUMPTION.—Evidence held sufficient to overcome a presumption that a second confession flowed from the promise or advice which originally improperly induced a confession. (Page 334.)

3. LARCENY—CORPORATIONS—PROOF OF CORPORATE EXISTENCE.—In a criminal case when it is sought to prove the corporate existence of a company from which it is alleged that property has been stolen, that fact may be established by proving the general reputation of the concern doing business in the locality. (Page 335.)

Appeal from Hempstead Circuit Court; *Jacob M. Carter,* Judge; affirmed.

*Jobe & Montgomery,* for appellant.

1. It devolved on the State to prove that the Pacific Express Company was a corporation. 58 Ark. 17; 98 Am. Dec. 121.

2. There is no testimony upon which to base a conviction. 68 Ark. 529; 85 *Id.* 360; 74 *Id.* 491.

3. Incompetent evidence was admitted as to a confession by defendant. 22 Ark. 336; 69 *Id.* 599. A confession, to be admissible, must be absolutely free and

voluntary, without any influence or promise of reward, inducement or threats. 22 Ark. 336; 19 *Id.* 160; 35 *Id.* 35; 66 *Id.* 506; 69 *Id.* 506; 69 *Id.* 599; 94 *Id.* 343; 50 *Id.* 305.

4.  The admissibility of testimony is a question for the court. 28 Ark. 121; 66 *Id.* 506.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

1.  The proof as to the Pacific Express Company being a corporation was sufficient, it being proved that it was *generally known by such name.* Only the *de facto* existence of a corporation need be shown. 3 Bish., Cr. Pr., § 752 (2); *Brown* v. *State,* 108 Ark. 336.

2.  The confession of defendant was properly admitted. 74 Ark. 397; *Greenwood* v. *State,* 107 Ark. 568; 43 Ark. 367.

McCulloch, C. J.  The defendant, Claud Turner, appeals from a conviction of the crime of grand larceny, alleged to have been committed by stealing five hats, of the value of $4.50 each, the property of the Pacific Express Company, a corporation.

Packages containing men's hats were consigned over the Pacific Express Company to Dickerson Bros., a firm of merchants at Fulton, Ark., and after the packages were unloaded at the railroad station at Fulton, and whilst still in the possession of the express company, one was broken open and several hats stolen therefrom.

Some of the hats were found in the barn where defendant kept his team, and there was proof that defendant sold hats of the description of those stolen, about the time the larceny was committed.

In addition to that, evidence was adduced to the effect that defendant confessed his guilt, and offered to enter a plea of petit larceny.

The hats were proved to be of sufficient value to make the offense grand larceny.

The testimony was abundant to sustain the conviction. The officer who arrested defendant testified that, after the arrest had been made, defendant confessed his

guilt of the crime charged, and that he (the officer) advised him that "it was the best to plead guilty and get the lowest punishment, probably a fine," or something to that effect. The witness stated that he thought the confession preceded the advice which he gave defendant, but he was not sure about that, and the court refused to allow the testimony of that witness to go to the jury.

But another witness was allowed to testify, over defendant's objection, that the latter admitted his guilt, and offered to plead guilty to petit larceny.

It is insisted that this ruling of the court was erroneous, and prejudicial.

That witness was the justice of the peace before whom defendant was taken for examination, and he testified that defendant's confession was after he had made an offer to the prosecuting attorney to plead guilty, and that officer had refused to accept the plea, and had told the defendant that he couldn't promise him anything in the way of leniency. The witness testified that, after that conversation with the prosecuting attorney, the defendant, upon being asked whether he was guilty or not guilty, entered a plea of guilty.

Counsel for defendant invoke the rule that, when improper influences have been exerted to obtain a confession from one accused of crime, the "presumption arises that a subsequent confession of the same crime flows from that influence."

That contention, it is true, involves a correct proposition of law; but it is equally well settled that such presumption "may be overcome by positive evidence that the subsequent confession was given free from undue influence." *Smith* v. *State,* 74 Ark. 397.

The testimony of the justice of the peace was, we think, sufficient to warrant the court in holding that the promise of a lower punishment had been revoked, and that the last confession was voluntarily given without any inducement or influence. All that the arresting officer had said to defendant was to advise him to "plead guilty and get the lowest punishment," but the prosecut-

ing attorney had expressly declined to extend any leniency, so that it was a question primarily for the court, and then for the jury, to determine whether the last confession was voluntarily given free from any inducement. In other words, the evidence of the justice of the peace was sufficient to overcome the presumption that the confession flowed from the original promise or advice given by the arresting officer.

The evidence sufficiently established the fact that the Pacific Express Company was a corporation as alleged in the indictment. That fact could be, and was, established by proving the general reputation of the concern doing business in the locality. *Brown* v. *State*, 108 Ark. 336.

No error was committed and the judgment is, therefore, affirmed.