## BURROW *v.* STATE.

### Opinion delivered October 6, 1913.

1. LARCENY—ANIMAL RUNNING AT LARGE.—An unbranded cow, although running at large, is the subject of larceny when she is a milch cow that came up at night to be milked. *Jeffries* v. *State*, 102 Ark. 373. (Page 368.)

2. CONFESSION—SUFFICIENCY—OTHER EVIDENCE.—Where the offense, with the commission of which defendant is charged, is shown to have been committed, by evidence other than defendant's confession, he may be convicted upon proof of his confession, although made out of court, and whether there is any other testimony tending to connect him with the crime or not. (Page 369.)

3. ACCOMPLICE—EFFECT OF REMAINING SILENT.—The mere fact that one remains passively silent after being informed of the commission of a crime, and without intent to shield the criminal, does not make him an accessory to the crime. (Page 370.)

4. TRIAL—ARGUMENT OF COUNSEL—OPEN AND CLOSE—OPENING ARGUMENT BY PROSECUTING ATTORNEY.—Under Kirby's Digest, § 2388, which provides that if so demanded by the adverse party the prosecuting attorney in his opening argument must fully state the grounds upon which he claims a verdict, it is reversible error for the trial court to permit the prosecuting attorney the closing argument, when he failed in his opening argument to fully state the grounds upon which he relied for a conviction. (Page 371.)

Appeal from Fulton Circuit Court; *George W. Reed,* Judge; reversed.

*David L. King* and *J. M. Burrow,* for appellant.

1. The proof shows that the cow was over twelve months old, was running at large on the range, and not marked nor branded. The court erred in refusing to instruct the jury to acquit appellants if they found this to be the fact. 60 Ark. 60. The court further erred in refusing to submit to the jury the question whether or not the cow was such "a live animal as is made larceny to steal," thereby invading the province of the jury. Art. 7, § 23, Const. Ark.; 52 Ark. 264; 49 Ark. 448; 43 Ark. 296; 71 Ark. 38; 74 Ark. 563; 76 Ark. 468; 77 Ark. 203; *Id.* 261; 69 Ark. 138.

In this case, unlike the Jefferies case, 102 Ark. 377, the owner of the cow testified that "she was running at large on the range," yet the court, in the Jefferies case, notwithstanding no witness testified that the animal was running at large on the range, correctly submitted that question to the jury.

The refusal to give appellant's instruction on this phase of the case had the effect to exclude a theory of the case which the evidence entitled the appellant to have

submitted to the jury.  82 Ark. 499; *Id.* 372; 93 Ark. 140; 96 Ark. 212.

2.  The court's charge to the jury with reference to a confession is an abstract declaration which improperly assumes that appellant had confessed to the commission of the crime, and ignores the question of reasonable doubt as to whether such confession was made, as well as the principle of law that confessions are to be received with caution, and should be taken with all other facts and circumstances in the case.  66 Ark. 506; 71 Ark. 38; 76 Ark. 468; Kirby's Dig., § 2383.  The court therefore erred in refusing to instruct the jury, as requested by appellant, that a defendant in a criminal case can not be convicted on statements made out of court, if he denies the commission of the offense in court, unless such crime is proved by other competent testimony tending to establish his guilt and connect him with the crime.

3.  Under the facts shown, Mrs. Davis and Mrs. Jones were both accessories after the fact, and the court erred in refusing to give the instruction requested by appellant on the question of accessories.  Kirby's Dig., § 1562; 59 Ark. 383; 50 Ark. 534; 71 Ark. 470.

4.  The court committed reversible error in refusing to require the prosecuting attorney, in his opening argument, to make a fair statement of the evidence and grounds he relied upon for a conviction, and in permitting him, in his closing argument, to argue the whole of the testimony.  Kirby's Dig., § 6139; *Id.* § 2388; 74 Ark. 256; *Id.* 210; 67 Ark. 127; *Id.* 365; 80 Ark. 158; 71 Ark. 415; *Id.* 403; 70 Ark. 305; 77 Ark. 238; *Id.* 19; 65 Ark. 619; 75 Ark. 577; 72 Ark. 427; 72 Ark. 139.  It was also error to permit him to argue the testimony of a witness which had been excluded.  80 Ark. 167.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streeey,* Assistant, for appellee.

1.  Under the evidence, the cow was subject to larceny, and was not running at large within the meaning of the statute.  102 Ark. 373-376.  The court properly re-

fused to put that question to the jury.  67 Ark. 147-154; 15 Ark. 624-654.

2.  There is no error in the instructions; moreover, general exceptions to certain instructions will not be considered here if any of them are good.  *Tiner* v. *State,* 109 Ark. 138.

Instruction 7, given by the court, correctly declares the rule with reference to the weight to be given by the jury to the confession.  107 Ark. 568.

3.  Exceptions either to the admission or exclusion of evidence, or to the giving or refusing to give instructions, will not be considered on appeal, where such exceptions have not been preserved in the motion for new trial and the bill of exceptions.  91 Ark. 441-443, and cases cited.

WOOD, J.  Appellant was convicted on an indictment charging him with the crime of maliciously killing a certain cow which it was made larceny to steal, the property of J. S. Brown, of the value of twenty-five dollars. Brown testified:  "I had a cow shot about 3 or 4 o'clock on the morning of the 1st day of September, 1911.  She was a big red cow about six years old, no marks or brands.  She had a young calf up, and she ran out on the range and came up at night to be milked.  She was worth about $25 or $30."  He says, "She was running at large on the range with other cattle when she was shot."

1.  The appellant asked for an instruction to the effect that if the jury found that the defendant did shoot and kill the cow of Brown, as charged in the indictment, but also found that at the time of said shooting the cow was over twelve months old, unmarked and unbranded and running at large on the range, they should find the defendant not guilty.  The court refused the instruction, which the appellant assigns as error.

There was no error in the ruling of the court.  The uncontradicted testimony brings this case well within the rule announced in *Jefferies* v. *State,* 102 Ark. 373-6, and shows that the cow alleged to have been killed was not running at large within the meaning of section 1898, of

Kirby's Digest. The uncontroverted evidence shows that the cow was the subject of larceny.

2. Witness, Mrs. Davis, testified that on Sunday, after she heard that the cow had been shot, Ben Jones, Arthur Burrow and Howard Sayers "came to our house, all in a buggy, and Arthur Burrow and Howard Sayers stated that they had raised hell over across the river; had shot Brown's cow and Carleton's cow, and had set Neilson's barn on fire."

Mrs. W. M. Jones testified that Arthur Burrow stated to her that "they had shot Brown's cow and Carleton's cow, and set Neilson's barn on fire."

The court gave instructions to the effect that if the defendants, or either of them, admitted that they, or either of them, shot J. S. Brown's cow, this was sufficient to convict the defendant, if other proof on the part of the State showed that the crime, as alleged in the indictment, was committed.

The defendant requested the court to instruct the jury as follows: "You are instructed that a defendant in a criminal case can not be convicted on statements alone made out of court if he denies the commission of the offense in court. Before you would be authorized to convict the defendants, or either of them, on statements made out of court, such crime must be proved by other competent testimony, which tends to establish his guilt and connect him with the commission of the crime."

This instruction the court refused. These rulings of the court are assigned as error.

Section 2383, of Kirby's Digest, provides: "A confession of a defendant, unless made in open court, will not warrant a conviction of a crime, unless accompanied with other proof that such offense was committed."

The instructions given by the court conform to this statute. There was other proof besides appellant's own confession that the offense charged had been committed. Under the above statute, where the offense charged is shown by other evidence to have been committed, then the party charged may be convicted upon proof of his

confession, although made out of court; and where the offense is shown by other evidence than that of the accused's confession out of court to have been committed, then his confession will be sufficient to warrant his conviction, whether there is any other testimony tending to connect him with the crime or not. The rulings of the court were correct. *Greenwood* v. *State,* 108 Ark. 568; *Turner* v. *State,* 109 Ark. 332.

3. Witnesses Mrs. Davis and Mrs. Jones testified that they never said anything about the appellant's confession to them until recently. Something over a year had elapsed since these confessions were made to them. One of the witnesses stated that she did not say anything about it until she went before the grand jury.

The appellant contends that this testimony shows that Mrs. Jones and Mrs. Davis were accessories after the fact. Appellant requested the court to instruct the jury that the appellant could not be convicted upon the testimony of an accomplice, unless he is corroborated by other evidence which, in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense charged, and the corroboration is not sufficient if it merely shows the commission of the offense and the circumstances thereof," which the court refused.

The court did not err in refusing to instruct the jury as requested. Under the evidence adduced, neither Mrs. Davis nor Mrs. Jones was an accomplice. In *Davis* v. *State,* 96 Ark. 7, we held, "The mere fact that one remains passively silent after being informed of a crime, and without intent to shield the criminal, does not make him an accessory to the crime."

There is no testimony to show that a failure of these witnesses to report or disclose the confession of appellant was prompted by a desire to shield him from punishment for the crime.

4. The bill of exceptions contains the following: "The attorney for the State, in opening the case, read to the jury the instructions of the court, and explained

in his way what he thought they meant. He then told the jury that he would argue the testimony after the counsel for the defendant made his argument. Thereupon, the counsel for the defendant moved the court to require the State's attorney to state to the jury the testimony and the grounds upon which he relied for a conviction. The court refused to do so, and the defendant excepted.''

"After the attorney for the defense had closed his argument, the State's attorney made his closing argument, and, over the protest of the defendant, argued the testimony of all of the witnesses, including the testimony of Ambrose Henry, which the court said could not be considered. The defendant objected and asked the court to stop the said prosecuting attorney, and to instruct the jury not to consider said argument, which the court refused to do, but permitted him to proceed with the same over the objections of the defendant, to which defendant excepted."

Section 2388, of Kirby's Digest, provides: "If the case be not submitted without argument, the party having the burden of proof shall have the opening and conclusion of the argument, and if, upon the demand of the adverse party, the attorney prosecuting for the State shall refuse to open and fully state the grounds on which he claims a verdict, the party so refusing shall be refused the conclusion of the argument."

The court erred in not giving the appellant the benefit of this statute. The mere reading of the instructions by the prosecuting attorney, and "explaining in his way what they meant," was not a compliance with the statute requiring him, upon demand of the adverse party, "to open and fully state the grounds on which he claims a verdict." The burden was on the State, and it was the duty of the prosecuting attorney, representing the State, upon demand of the appellant, to open and fully state the grounds on which he claimed a verdict.

After the prosecuting attorney, upon the demand of the appellant, had failed to open and fully state the grounds upon which he claimed a verdict, the court, un-

der this statute, should have denied him the privilege of concluding the argument on behalf of the State. The statute confers upon the party having the burden of proof the privilege of concluding the argument provided he makes a "full" opening of his case. This is regarded as a very important right, so much so that to deprive one of it is prejudicial error. But the statute contemplates that the party having the burden shall not enjoy the privilege of concluding the argument without first being fair to the adverse party in making a full statement of the grounds upon which he claims a verdict against him. This is to give the adverse party the opportunity to explain away, if he can, those grounds. The statute intends, as far as possible, to give the respective parties litigant a fair opportunity to be heard in the argument of their respective contentions, and, as far as possible, not to give the one an undue advantage over the other. Hence the party having the burden of proof and the right to close the argument can not do so until he has given the adverse party an opportunity to know what his claims are by making a full opening.

In the case at bar, appellant introduced proof which, if believed by the jury, would have fully warranted them in returning a verdict of not guilty. While there was evidence amply sufficient to sustain the verdict, yet the case was one so sharply contested on the facts that it was very unfair and very prejudicial to appellant to deprive him of the benefit of the statute. To have properly conserved the rights of the appellant the court should have refused the prosecuting attorney the privilege of closing the argument when he had failed in his opening argument to state fully the grounds upon which he relied for a conviction of the defendant. The ruling of the court in this regard is error for which the judgment must be reversed and the cause remanded for a new trial.