## Ivy *v.* State.

### Opinion delivered October 13, 1913.

1. LARCENY—INDICTMENT—OWNERSHIP OF STOLEN PROPERTY—VARIANCE.—
It is not a variance from the allegations of an indictment alleging the stealing of property from a partnership, to prove the names of the partners other than as alleged, nor is the failure to prove the names at all as alleged, a fatal variance. (Page 449.)

2. CRIMINAL LAW—CONFESSION—OTHER EVIDENCE.—Evidence of a confession of defendant to the commission of a crime, is sufficient to warrant a conviction when there is other testimony in the case that the crime was committed by some one. (Page 449.)

Appeal from Phillips Circuit Court; *J. M. Jackson,* Judge; affirmed.

*Fink & Dinning,* for appellant.

1. There is not sufficient legal evidence to sustain the verdict.

2. The ownership of a building alleged to have been burglarized is material, and must be proved as alleged. 102 Ark. 627; 73 Ark. 34.

3. The *corpus delicti* is not established.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

1. There is sufficient evidence to sustain the verdict, and the jury's finding upon conflicting testimony is conclusive unless there is no evidence at all upon which to base it.

With regard to extra-judicial confessions, this court has said that "the confession of a defendant, if accompanied with proof that the crime was committed by some one, will warrant a conviction, if the jury believe it." 107 Ark. 568; *Turner* v. *State,* 109 Ark. 332.

2. The ownership of the building and goods was proved as alleged in the indictment. In this respect this case is controlled by the *Andrews* case, 100 Ark. 184-186.

KIRBY, J. The appellant brings this appeal from a judgment of conviction, under an indictment, charging him with burglary and grand larceny, by entering the store of A. Hirsch & Co. and stealing a suit of clothes of the value of twenty dollars, it being alleged that said company was the owner of both the storehouse and the suit of clothes, and was a partnership, composed of Ludwig Hirsch and Mrs. Gertie Groneau. The testimony does not disclose whether A. Hirsch & Co. was a partnership, nor whether it was composed of the persons as alleged.

It appears from the evidence that the storehouse occupied by A. Hirsch & Co. was broken into in the night time and a suit of clothes of the kind described in the indictment taken therefrom.

Wash Bell testified that he was a partner in the restaurant business with appellant and that in August, 1911, he (appellant) brought this suit of clothes to the place of business and let Will Mayberry have it; and afterwards told him that he got it from Hirsch & Co. in the night. Appellant denied having made any such statements and also that he ever had in his possession this suit of clothes or sold the same to Will Mayberry, and claimed it was sold by Wash Bell. Mayberry, who had the suit of clothes in his possession, told the officer he got it from Bell.

There is much other testimony tending also to show that Bell did dispose of the suit of clothes to Mayberry.

It is contended for reversal that the evidence is not sufficient to support the verdict, and that there is a fatal variance between the allegations of the indictment and the proof in the case.

It is true that there is no evidence, showing that the firm of A. Hirsch & Co. was composed of the individuals as named in the indictment, and the proof is slight that said company was a partnership.

One witness stated that the suit of clothes belonged to A. Hirsch & Co., and that that firm was the only one in town handling goods of that kind, and that he was in charge of the clothing department and would have known if the sale of it had been made. That although he was not always consulted before a sale was made, he generally was, unless it was made by the members of the firm, and that they very seldom sold anything. From this testimony the jury could have inferred that A. Hirsch & Co. was a partnership, and the proof is sufficient on that point.

While at the common law, it was necessary in cases of larceny to allege the ownership in the partnership name, and the names of the individuals composing it,

our court has held under the provisions of section 2233 Kirby's Digest that an indictment is sufficient in stating the partnership name in charging the ownership of the property stolen in larceny and that it is a sufficient indentification of the property stolen by stating the partnership name and that an erroneous allegation as to the names of the partners is immaterial and that proof of the correct names of the partners was no variance from the erroneous allegations of the indictment. *Andrews* v. *State,* 100 Ark. 184.

The court, having already held that it is not a variance from the allegations of the indictment to prove the names of the partners, other than as alleged, is of the opinion that the failure to prove the names of the individuals at all as alleged is not a fatal variance.

My individual opinion is that the name of the injured person was described with sufficient certainty by the allegation of the partnership name, within the meaning of the said section of the digest and our decisions thereunder, without any statement that it was either a partnership or a corporation, and that any former contrary holding of the court should be disregarded.

The confession of the appellant, as testified to by Wash Bell, is about all the testimony tending to connect him with the crime, but, when believed, it warranted the conviction, the other testimony in the case being sufficient to show the commission of the crime by some one. *Greenwood* v. *State,* 107 Ark. 568; *Turner* v. *State,* 109 Ark. 332; *Burrow* v. *State,* 109 Ark. 365.

The testimony in the case, tending to show the guilt of appellant, is meager and not very satisfactory, but is direct and positive on the part of one witness, whom the testimony tended strongly to discredit, but the jury believed him and we can not say the evidence is not sufficient to support the verdict.

The judgment is affirmed.