## HARDIE v. UNITED STATES.

Circuit Court of Appeals, Fifth Circuit.
December 1, 1927.

No. 5145.

**1. Criminal law ⟪586—Allowance of continuance is generally discretionary with trial court.**

Allowance of a continuance is generally within discretion of trial court.

**2. Criminal law ⟪589(2)—Refusing continuance on ground of absence and illness of accused's attorney, where accused had ample opportunity to secure other counsel and did do so, held not abuse of discretion.**

Refusing continuance in liquor prosecution, on ground of absence of accused's attorney because of illness, *held* not abuse of discretion, where attorney had secured continuance of case on ground of his illness for at least six months and at least two weeks before trial, accused knew attorney would not be available for several months thereafter, and had ample opportunity to secure other counsel, and did do so, and was represented by counsel at trial.

**3. Criminal law ⟪699, 711—Order and extent of argument is entirely within court's discretion.**

Order and extent of argument is entirely within discretion of court.

In Error to the District Court of the United States for the Middle District of Georgia; William J. Tilson, Judge.

William H. Hardie was convicted of conspiracy to violate the National Prohibition Act, and of possessing and manufacturing liquor and possessing property intended for use in manufacture, and he brings error. Affirmed.

Joseph E. Pottle, of Milledgeville, Ga., for plaintiff in error.

Scott Russell, Asst. U. S. Atty., of Macon, Ga.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Plaintiff in error was convicted on five counts of an indictment charging him and two others with conspiring to violate the National Prohibition Act (27 USCA), in two counts, and with the substantive offenses of unlawfully possessing and manufacturing intoxicating liquor and unlawfully possessing property designed and intended for use in such manufacture in the other three counts.

[1,2] Error is assigned to the action of the court in refusing a continuance on the ground that Mr. Bloodworth, his sole counsel was sick and absent in Asheville, N. C.; in permitting both the United States attorney and his assistant to participate in the closing argument; and in refusing to order a mistrial on the ground that the United States attorney made an improper argument in closing.

Taking up the assignments in the order stated, it appears that Mr. Bloodworth had secured a continuance of the case on the ground of his illness for at least six months, and at least two weeks before the trial plaintiff in error knew Mr. Bloodworth would not be available for three or four months thereafter. Plaintiff in error had ample opportunity to secure other counsel, and did in fact do so, and was represented by counsel on the trial. The allowance of a continuance is generally within the discretion of the trial court. There was no abuse of discretion in this case.

[3] It is elementary that the order and extent of the argument is entirely within the discretion of the court. The record fails to show any improper remarks of the United States attorney. Reversible error is not shown.

Affirmed.