**UNITED STATES of America,**
Plaintiff-Appellee,

v.

**J. Lacey BARNES, Defendant-Appellant.**

No. 14990.

United States Court of Appeals
Sixth Circuit.

Feb. 6, 1963.

William E. Badgett, Knoxville, Tenn., for appellant.

John H. Reddy, U. S. Atty., Knoxville, Tenn. (J. H. Reddy, U. S. Atty., Eastern

District of Tennessee, Chattanooga, Tenn., on brief), for appellee.

Before O'SULLIVAN and SMITH,[1] Circuit Judges, and BOYD, District Judge.

BOYD, District Judge.

The defendant-appellant was indicted under a twenty-seven count indictment, each count charging him with wilfully and knowingly aiding and assisting in, and counseling, procuring and advising the preparation and presentation to the District Director of Internal Revenue of a false and fraudulent income tax return of another person in violation of Title 26 U.S.C., § 7206(2), Internal Revenue Code of 1954. Each count of the indictment charged that the tax return involved represented the taxpayer therein as entitled to one more exemption than the number to which the taxpayer was actually entitled. The United States Attorney at the trial's commencement dismissed thirteen of the counts aforesaid. At the conclusion of the government's proof in chief, the District Judge sustained appellant's motion for verdict of acquittal on one other count, denying appellant's motion as to the remaining thirteen. The jury convicted appellant on all remaining counts, whereupon the appellant was sentenced to three years on each, the sentences to be served concurrently.

The appellant assigns numerous errors, touching virtually all phases of the proceeding in the trial court. A number of assignments are patently without merit. However, several of the questions raised are considered worthy of brief discussion.

■ Pursuant to Rule 6(e), Federal Rules of Criminal Procedure, Title 18, U.S.C., the appellant filed in the District Court a motion for dismissal of the indictment herein charging that there was no competent evidence before the Grand Jury upon which a valid indictment could be returned. The motion also sought production of the names of the witnesses appearing before the Grand Jury and transcripts of their testimony. As grounds for the relief sought, the record discloses nothing more than appellant's conclusion that there was no competent evidence before the Grand Jury. The District Court summarily denied the relief sought. The appellant contends that this summary disposition by the court was reversible error. We consider this action by the District Court to be justified and in accord with the Supreme Court's express refusal to establish a rule whereby the minutes of Grand Jury proceedings would be rendered so easily accessible. Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397.

■■ Secondly, the appellant urges that his motion for verdict of acquittal at the conclusion of all the proof should have been granted as to all of the remaining counts upon which proof was taken. He maintains that there was no substantial evidence to support the convictions herein. Substantial evidence is that evidence which a reasonable mind might accept as adequate to support a conclusion. In determining whether there is such evidence in the record we must take that view of the evidence most favorable to the government, with inferences reasonably and justifiably to be drawn therefrom. Battjes v. United States, 172 F.2d 1 (C.A. 6) 1949; Sharp v. United States, 195 F.2d 997 (C.A. 6) 1952.

The appellant, an attorney, maintained his office in the general office area of Appalachian Loan Company in Knoxville, Tennessee. The tenor of the proof was that the appellant for several years either (1) had loaned money to persons apparently entitled to income tax refunds from the government, securing these loans by transfer to him of the taxpayers' interests in the refund claims, or (2) had purchased outright the taxpayers' interests in such refunds. The returns herein were all for the calendar year 1957 and were submitted on Forms 1040–A or "short forms." Also, each of these returns submitted by the appellant to the

1. Circuit Judge, Court of Appeals, 2nd Cir., sitting by designation.

Internal Revenue Service reflected that there was a claim for one more exemption than the number to which the taxpayer was actually entitled. The falsity of the returns in this regard was not controverted and the taxpayers denied authorizing such false exemption claims, testifying that they merely gave accurate information and signed several forms in blank, including powers of attorney. Several of the taxpayer witnesses considered their transactions with the appellant to be loans. However, most of them termed the transactions as more in the nature of purchases of their W–2 forms. In the greater number of the within transactions the appellant received the refund checks from the government at one of the Post Office boxes at which he customarily received mail. He retained the difference between the amounts he had paid to or credited to the taxpayers and the amounts actually refunded. All of the taxpayer witnesses herein identified the appellant as the individual with whom they had dealt, with the exception of one Mrs. Dodd. Her husband had contacted the appellant regarding their separate returns and she merely identified the documents with respect to her individual return. While one of the taxpayer witnesses testified at the trial that he would not recognize the appellant if he should meet him on the street, this witness did point him out in the courtroom. His testimony concerning identification is open to several interpretations, depending to considerable extent on the manner in which he made the statements. It was properly for the jury to credit or discredit this identification. One witness could not identify the appellant at all and it was the count of the indictment relating to this witness's return upon which the District Judge rendered the verdict of acquittal.

■■ The appellant insists that inasmuch as there was proof that several persons were employed in his office and assisted in the preparation of the 1500 to 2000 tax returns for the year 1957, there was insufficient proof to connect the appellant with preparation of the returns in question. The evidence shows an enterprise in which the appellant stood to profit from the fraudulent addition of exemptions, whether the profits were realized by him directly or whether he was employed to do the work, in which case the profits served to benefit the appellant through his employers. There was evidence that appellant's tax activity herein, which he distinguished from his law practice, was an adjunct of the Appalachian Loan Company, rendering appellant answerable for profits to the owners of the Loan Company. The interview of the taxpayers by the appellant, the recording of the relevant tax information by him, the placing by appellant of the price-tag on the right to receive the tax refund, the denial of the taxpayers that false exemption information was given to the appellant by them, the gain which appellant stood to realize from inflating the refund claims, the uniform inflation of the claims by one exemption to the extent of fabricating names on returns and the appearance of appellant's name as attorney-in-fact in the endorsements of the refund checks, form a substantial basis in evidence to connect the appellant with the preparation of the returns and upon which a conviction under the statute could be predicated. The intent required by the statute's language may be shown from the surrounding facts and circumstances. No direct proof of intent is necessary. Battjes v. United States, supra.

■ The indictment herein, as stated, was predicated upon alleged violations of Title 26 U.S.C. § 7206(2), Internal Revenue Code of 1954. The judgment of the District Court, however, recites that the appellant was charged in the various counts of the indictment with violations of Title 26, U.S.C. § 7206(a). There is no such sub-section (a) under the general section. The appellant submits as a further assignment of error that he was thus illegally sentenced and a new trial should be ordered by this court. The judgment of the court recites the nature of the offenses herein. This recitation parallels the language of sub-section (2).

Moreover, the judgment of the court refers to the Code sections and sub-sections only in connection with the offenses charged in the indictment. The insertion of sub-section (a) for sub-section (2) was clearly, then, a clerical error, which can be corrected by the District Court at any time. Rule 36, Federal Rules of Criminal Procedure, Title 18, U.S.C. The judgment of this court shall be made without prejudice to the District Court to correct this mistake and assumes its correction. Costello v. United States, 252 F.2d 750, 751 (C.A. 5) 1958.

■■ Finally, the United States Attorney in the presence of the jury at the conclusion of all the proof in the case made the following statement with regard to closing argument: "I don't care to argue the case. I will waive argument and let the Court charge the jury." The appellant claims that this language prejudiced the jury by giving the impression that appellant's guilt was obvious, thereby depriving him of a fair trial. The waiver of closing argument, contends the appellant, should have been made out of the hearing of the jury. The appellee contends that this was a somewhat protracted trial and the waiver was made with the clear intent of saving time. In the absence of a clear intent to effect such a legitimate end as conservation of time, we think that open waiver of closing argument by the government in a criminal case is of dubious propriety and may be done in such manner as to work prejudice to a defendant. Closing argument is usually considered to be a right of the party carrying the affirmative of the issue or issues involved in litigation. The right to close, as well as the right to open the argument may be waived. This principle is usually advanced in connection with the trial of civil cases but it, no doubt, applies to the trial of criminal cases as well. It is the manner of waiver, then, with which we are concerned and the impression the jury obtained therefrom. The surrounding circumstances are of paramount importance to such inquiry and we note that no objection was interposed to the manner of waiver at the time. This could have been due to oversight or because the waiver before the jury was consistent with appellee's claim of interest in saving time. There may have been other reasons. An objection interposed at the time would have precluded speculation on our part as to the actual situation. We will not further consider the matter in the absence of timely objection. United States v. Rayborn, 310 F.2d 339 (C.A. 6) 1962, and cases therein cited.

Other questions raised on this appeal are considered to be without merit. There being no reversible error, the judgment of the District Court is affirmed.