**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Thomas W. LEFNER, Defendant-Appellant.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**David H. JONES, Defendant-Appellant.**

**Nos. 24412, 24588.**

United States Court of Appeals, Ninth Circuit.

Feb. 17, 1970.

Joseph R. Carter, Jr. (argued) (in 24412), Culver City, Cal., John Douglas Lang (argued) (in 24588), of Rawlinson, Lang & Lister, Woodland, Hills, Cal., for appellants.

Edward Wallin (argued), Asst. U.S. Atty., Robert L. Brosio, Asst. U. S. Atty., Wm. Matthew Byrne, U. S. Atty., Los Angeles, Cal., for appellee.

Before MERRILL and ELY, Circuit Judges, and CROCKER*, District Judge.

CROCKER, District Judge:

Appellants were convicted of a conspiracy to transfer or deliver counterfeit Government obligations. 18 U.S.C. § 371. Both defendants appealed to this court, filing separate briefs. This court granted a Government motion to consolidate the appeals. The appellants claim that there is insufficient evidence to support a finding of a conspiracy and that in any event they were entrapped by undercover agents of the United States Treasury Department.

The evidence presented at trial by the Government and uncontroverted by defendants shows that the defendants, as well as several other persons, engaged in a series of meetings and conversations, the subject of which was the sale of counterfeit Federal Reserve Notes. In attendance at all of these meetings was at least one undercover assistant of the Treasury Department.

### 1. Sufficiency of the Evidence

■ Appellants on appeal argue that the evidence was insufficient as a matter of law to sustain the conviction. We find that the evidence is sufficient.

It is clear that a series of meetings and telephone conversations was held in which appellants were active participants. The acknowledged purpose of these discussions was the sale of counterfeit currency. There is testimony that appellant Jones was the contact with the person controlling the counterfeit currency and that appellant Lefner was the contact with the buyer.

There is further testimony that Jones received two counterfeit notes from a co-conspirator which he transferred by way of an intermediary to two police informants. An undercover agent testified that he had a private meeting with Lefner at which time they discussed the details of the manufacture and quality of the counterfeit currency, and Lefner counted out some of the counterfeit bills.

At a meeting on July 16, 1967, at which Lefner was in attendance, it was agreed that the delivery of the currency would be made that afternoon. Although the delivery of the agreed upon quantity of bills was never completed due to a series of postponements, there were subsequent meetings and conversations participated in by appellants. At one such meeting an envelope containing approximately $1,600 worth of counterfeit currency was transferred to an undercover agent. Both

---

* Honorable M. D. Crocker, United States District Judge, Eastern District of California, sitting by designation.

of the appellants participated in the discussion and handled the currency at that meeting.

This is sufficient evidence for the jury to have found the appellants guilty of the conspiracy charged.

### 2. *The Question of Entrapment*

Appellant Jones next contends that he was entrapped by the Government as a matter of law. He argues that undercover agents persistently persuaded and encouraged him to meet and discuss the counterfeit currency. An undercover agent threatened Jones in order to insure his attendance at the July 16 meeting of the conspirators. Furthermore, it is true that several undercover agents were working to obtain these convictions.

■ Appellant argues that the threatening conduct of the undercover agent was so grossly unfair that his testimony should not have been admitted into evidence. We do not agree. There is no denying that this conduct was reprehensible, but appellant was given the opportunity to discredit the testimony of the agent at trial. Appellant offers no authority, and we know of none, which would support the exclusion of his testimony.

■ Neither does this threatening conduct nor the other activities of the Government agents make out the defense of entrapment. It is clear that Jones did not engage in the conspiracy because undercover agents implanted the idea in his mind. Jones freely engaged in the conspiratorial activities. While threats might have insured his attendance at the July 16 meeting, he was clearly committed to the course of conduct prior to that time and could have refused to attend the meeting even though threatened.

The evidence indicates that he was the contact with the person controlling the counterfeit currency. After the July 16 meeting, Jones participated in the delivery of some $1,600 in counterfeit currency without pressure from Government agents. These facts coupled with the other conspiratorial activities recounted at trial indicate beyond doubt that entrapment as matter of law was not established and that the question remained one for the jury.

### 3. *Other Alleged Errors*

■ Appellant Jones contends that the court below erred in excluding evidence offered as to the prior legitimate relationship between Jones and a Government witness. The court allowed testimony concerning the relationship between Jones and the witness, but limited it to its relationship to the counterfeit currency Such a limitation on inquiry is proper under the court's broad discretion in this area, particularly where the testimony at trial is as voluminous as it was here. Mims v. United States, 254 F.2d 654 (9th Cir. 1958); Lewis v. United States, 373 F.2d 576 (9th Cir. 1967).

Finally, Jones argues that the Assistant United States Attorney made improper statements in his closing argument calculated to prejudice the jury against the defendant Jones. We do not find reversible error in the cited statements.

The attorney stated that the undercover agent " * * * had recovered six million dollars in counterfeit travelers checks. That he knew Secret Service agents who would like to say that they had seized as much counterfeit currency during their whole life." Appellant finds this statement to be calculated to mislead the jury since only a relatively small amount of counterfeit currency was produced at trial.

Further alleged as error is the attorney's statement that "I think we all know who manufactured it, but it is not relevant, because they are not charged with manufacturing." Appellant says that this misleads the jury into believing that the Government had proof that defendants manufactured the counterfeit currency.

■■ While such statements may be error, they clearly do not constitute reversible error, particularly when considered in the context in which they were made. Furthermore, no objection was

made to the now challenged statements at the time they were made, and the prosecutor qualified the statements by comments which would seem to remove any adverse effect.

The judgment is affirmed.