**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Leon Franklin YAUGHN, Defendant-Appellant.**

**No. 73-2333.**

United States Court of Appeals, Fifth Circuit.

May 3, 1974.

442

Floyd M. Buford, Macon, Ga., for defendant-appellant.

John W. Stokes, U. S. Atty., Eugene A. Medori, Jr., Anthony M. Arnold, Asst. U. S. Attys., Atlanta, Ga., for plaintiff-appellee.

Before RIVES, WISDOM and MORGAN, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

Appellant, Leon Franklin Yaughn, was tried by a jury in the U. S. District Court for the Northern District of Georgia on an indictment charging Yaughn and two others with entering into a conspiracy to defraud, pass, publish, utter and possess counterfeit notes, in violation of 18 U.S.C. § 371. Yaughn was found guilty and this appeal followed.

This court has carefully examined all four of appellant's contentions and affirms the decision of the district court.

## I.

Appellant Yaughn's first contention on appeal is that the admission of testimony about his passing of "funny 20's" to one Mills, in 1969, was evidence of a prior offense and, as such, was irrelevant and inadmissible because such evidence does not tend to prove the commis-

sion by the accused of the particular crime charged. Fabacher v. United States, 20 F.2d 735 (5 Cir. 1927).

■ Although the rule at common law is that proof of prior crimes is inadmissible for the purpose of showing the commission of the particular crime charged, there are exceptions. As early as 1842, ·the United States Supreme Court recognized that evidence of acts similar to those charged is admissible for the purpose of showing a common scheme, plan or system. Wood v. United States, 16 Pet. 342, 41 U.S. 339, 10 L. Ed. 987 (1842), United States v. Southerland, 428 F.2d 1152 (5 Cir. 1970). Furthermore, anything having a legitimate tendency to throw light on the accuracy, truthfulness and sincerity of a witness may be shown and considered in determining the credit to be accorded this testimony. United States v. Lefner, 422 F.2d 1021 at 1023 (9 Cir. 1970). It should be noted that the government did not initially attempt to bring forth evidence of past offenses to prove the defendant's state of mind or guilty knowledge. The case against Yaughn was a strong one, and the proffered testimony was sought in order to depict the witness' participation in the charged offenses. United States v. Broadway, 477 F. 2d 991 (5 Cir. 1973).

In the instant case the evidence of a prior offense was not irrelevant and inadmissible. Its introduction at trial was not improper.

## II.

■ During the trial, a Secret Service agent began to testify about a fingerprint test that had been taken, but was interrupted by the defendant's objection that the agent's testimony was not the best evidence because he had not been the party who had made the examination. The prosecuting attorney, in his closing argument, made some remarks relative to this, which appellant now claims was an improper attempt to create an inference of guilt.

Close examination of the closing arguments of both the prosecution and the defense demonstrates that the comments made by the prosecuting attorney were only in response to remarks made by the defense counsel in his closing argument. The prosecution had stated in his opening statement that it was necessary to use the testimony of people who were involved in the counterfeiting conspiracy in order to prove that the defendant committed the crime. The defense, then, in his closing summation, stated that it was not true that the government had to use these people, these co-conspirators, as witnesses. The defense went on to state that there are other methods which could be used to identify counterfeiters, "That's not true, merchants identify them, fingerprints identify them, there are all kinds of ways of proving the counterfeiting cases. When they tell you that's the only way they can prove it, that ain't true." The prosecutor then responded in his closing statement that the testimony of an accomplice was necessary in proving such a case, stating:

Ladies and gentlemen, I indicated in the beginning that this type of case can only be solved by such testimony. I did not mean to say, nor do I think I said, that counterfeiting cases in general can only be solved this way.

Certainly a man passing a counterfeit bill can be identified, certainly by a fingerprint which would be good circumstantial evidence on which the case could be made.

\* \* \* \* \* \*

There was much to-do made about the fact—the fact about the fingerprint examinations and the absence of fingerprints, but you will recall that when I asked the question of the agent whether there were fingerprint analyses in this case, and he said, 'yes, I have my report,' I asked him, I believe, 'what does the report contain?' or 'would you read the report?'—

At that point, the defense attorney objected to this reference to the fingerprint reports.

After reviewing the closing arguments in toto, this court finds that no prejudice resulted.

### III.

■ During the latter part of his closing argument before the jury, the prosecuting attorney remarked, "No question about Mr. Yaughn's involvement in this case, ladies and gentlemen, *I don't believe*." [Emphasis added.] Appellant's counsel objected immediately, and moved for a mistrial. The trial court properly admonished the government attorney, who then stated:

My personal beliefs have no relevance in this case, ladies and gentlemen of the jury. I don't believe the evidence would justify that.

The motion for a mistrial by the defense was denied.

This court has clearly stated that when a serious question as to the propriety of certain closing arguments is raised on appeal, "The challenged arguments must be viewed in context, which necessitates a detailed examination of the development of the case. . . . It is the closeness of the evidence . . . which makes the errors committed by the prosecuting attorney prejudicial." United States v. Arendale, 444 F.2d 1260 (5 Cir. 1971). See, Wright, Federal Practice and Procedure, § 854, pp. 358–359.

This court finds, after having reviewed the comments in their proper context, that no prejudice resulted from these remarks. The trial court did not err in failing to grant the appellant's motion for a mistrial.[1]

This court, upon examining all the evidence presented in this case and the entire record of trial, finds that this does not appear to be such a close case evidentially as to enable such minor impropriety to affect the jury's verdict.

### IV.

■ Appellant's fourth contention presents the question: was it error for the trial court to allow the government to waive its opening argument to the jury.

At the conclusion of the presentation of evidence, and after both the government and the defense had rested their case, the government announced that it would waive its opening statement. Appellant objected. The trial court overruled the objection and stated,

It has been the practice and custom in this court to allow them to have an opening and concluding argument within their imposed time limit, and if they chose not to make an opening argument and reserve their time for concluding argument, they have that right.

We agree.

We realize that confusion is possible as to order of and waiver of jury summation, "the order of summing up varies somewhat in different jurisdictions." [2] The prevailing practice, however, gives the prosecution the closing argument to the jury. But, it should be noted also that these rules are subject to waiver. The practice in the district court where

---

1. The trial court's actions are strongly supported in Wharton's Criminal Procedure, § 2080, Vol. 5, p. 239, where it is stated:

"The court may and should regulate the argument of counsel, . . .

"If the court properly rebukes the prosecuting counsel for making improper statements, and the latter thereupon ceases to make them, the improper statement will ordinarily not require a reversal, . . . For example, the statement by the prosecuting attorney of his belief in the guilt of the defendant, which is ordinarily improper, may ordinarily be rendered harmless by appropriate corrective action in the trial court. To be effective, however, corrective action must be sufficiently definite and emphatic or forceful to nullify or counter-balance the consequences or potentialities of the objectionable statement." [Footnotes omitted.]

2. Wharton's Criminal Law and Procedure, Vol. 5, § 2077, p. 235.

the trial in question took place is,[3] as the district court stated:

> . . . to allow them (the prosecution) to have an opening and concluding argument . . . and if they choose not to make an opening argument . . ., they have that right.

The law is well-settled on this question. In United States v. Kelly, 349 F. 2d 720 (2nd Cir. 1965), cert. den. 384 U.S. 947, 86 S.Ct. 1467, 16 L.Ed.2d 544 (1966), the defense attorney requested that the prosecution be required to sum up before the defense attorney made his summation. This request was denied. Upon careful review by a panel composed of Judges Medina, Moore and Marshall, Judge Medina stated, "We find no prejudicial error. . . ." *Supra* at 777. An even more detailed discussion is found in United States v. Barnes, 313 F.2d 325 (6 Cir. 1963).[4] The court of appeals there held, "[The] closing argument is usually considered . to be a right of the party carrying the affirmative of the issue or issues involved. . . . *The right to close, as well as the right to open the argument may be waived*. . . ." [Emphasis added.]

We hold that defendant Yaughn was not prejudiced by the prosecution's waiver of his opening statement. After careful review of all of appellant's contentions, the decision of the district court is, in all respects

Affirmed.

RIVES, Circuit Judge (dissenting): abused its discretion when it overruled

In my opinion, the district court Yaughn's objection to the proposed order of argument to the jury.

In the absence of the jury, Yaughn's attorney articulated an objection to what he anticipated might happen as to arguments:

> "MR. LARSEN: Please the Court, during the informal conference between the Court and counsel there was an indication as to arguments, that the United States Attorney does not propose to make an opening argument but proposes only to make a concluding argument after an argument by the defense.
>
> "I object to this on the grounds that such procedure would deny due process to the defendant Yaughn in this respect. The argument, as I understand the process of law to be, the other side is to have an opportunity to rebut the argument. The closing argument on the part of the Government is intended in our system of law for the purpose of rebuttal to enable the Government to rebut the argument of the defense. It is not intended as a time to make an affirmative argument for the Government so that the defense has no opportunity to answer the theories and the arguments of the Government propounded in that closing argument.
>
> "We object to a procedure that would enable the Government to pro-

3. During oral argument before this court the attorney for the appellant stated that the practice in all the federal district courts in the State of Georgia was that the prosecutor had the right to waive his opening argument to the jury. This attorney stated to his knowledge it had always been that way.

4. This passage might be better appreciated when seen in full context:
"In the absence of a clear intent to effect such a legitimate end as conservation of time, we think that open waiver of closing argument by the government in a criminal case is of dubious propriety and may be done in such manner as .to work

prejudice to a defendant. Closing argument is usually considered to be a right of the party carrying the affirmative of the issue or issues involved in litigation. The right to close, as well as the right to open the argument may be waived. This principal is usually advanced in connection with the trial of civil cases but it, no doubt, applies to the trial of criminal cases as well. It is the manner of waiver, then, with which we are concerned and the impression the jury obtained therefrom." *Id.* at 328.
In the case at bar, this court has found no attempt to impress the jury and none was claimed by the appellant.

ceed without making a full and fair disclosure of their position in argument at a time when we have an opportunity for rebuttal argument." (App. 474–475.)

The court overruled this objection, saying:

"THE COURT: Well, taking the first motion first, I know of no rule that requires that the Government reserve their concluding argument only for rebuttal argument made by the defendant. As far as I know, there is no rule of that nature in the Fifth Circuit.

"It has always been the practice and custom in this court to allow them to have an opening and concluding argument within their imposed time limit, and, if they choose not to make an opening argument and reserve their time for concluding argument, they have that right.

"I don't know why I should restrict that right for this particular reason. There is nothing unusual about this case that would in any way restrict it." (App. 478.)

The attorney for Yaughn's codefendant made a like motion, and the court denied it.

When the jury returned to the courtroom, the district judge announced that the evidence in the case was complete and that it was time to go forward with the arguments. The judge then stated: "The government has the opening and concluding argument." (App. 480.) The government attorney responded: "Your Honor, the Government will waive its right to open at this time but would specifically reserve its right to conclude." (App. 480.) The attorney for Yaughn's codefendant proceeded to argue the case. Then, Yaughn's attorney argued the case to the jury. Finally, the government attorney presented the argument for the United States.

Admittedly, some courts have refused to find prejudicial error in situations similar to the circumstances of this case.[1] Also, it has been stated generally that the order and extent of argument is entirely within the discretion of the court.[2] However, in none of these cases is there an adequate discussion of the issue presented by Yaughn in this case.

The Supreme Court has held that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 1970, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368.[3] Thus, of course, the government has the burden of proof in a criminal trial. The order of argument should reflect this fundamental proposition. If the government is allowed to waive its opening argument, and to reserve an opportunity to make a full closing argument, the defendant is forced to argue his nonculpability before the government has fully revealed its theory of the case. This puts the burden of going forward upon the defendant at a critical stage in the trial, and may understandably lead to confusion among the jurors as to who has the burden of proof. It is true that the judge's instructions to the jury will usually include a charge that the government carries the burden of proof. However, the existence of a curative instruction does not justify a potentially prejudicial

---

1. Hale v. United States, 5 Cir. 1969, 410 F.2d 147; United States v. Kelly, 2 Cir. 1965, 349 F.2d 720; United States v. Barnes, 6 Cir. 1963, 313 F.2d 325, 328 (however, the court commented, "we think that open waiver of closing argument by the government in a criminal case is of dubious propriety"); United States v. El Rancho Adolphus Products, M.D.Pa.1956, 140 F.Supp. 645.

2. United States v. Owens, 5 Cir. 1971, 453 F.2d 355; Hale v. United States, *supra*;

Hardie v. United States, 5 Cir. 1927, 22 F.2d 803.

3. See discussion of this point in In re Winship, *supra*, at 361–364, including cases cited in support of the statement that "Expressions in many opinions of this Court indicate that it has long been assumed that proof of a criminal charge beyond a reasonable doubt is constitutionally required." 397 U.S. at 362.

practice which has no apparent advantage.

The order of argument utilized in this case also meant that the defendant had no adequate opportunity to reply to the arguments advanced by the government. As explained by the Florida Supreme Court,

> "The purpose of allowing the attorney on whom the burden lies to open and conclude is that in his opening address he shall fairly state his case—the particular evidence, and the law upon which he relies—so that the opposite attorney may have an opportunity to discuss his position. The attorney who has thus opened his case has an opportunity to reply to his adversary. The whole case is thus fairly presented to the tribunal which has to decide it."

Andrews v. State, 1930, 99 Fla. 1350, 129 So. 771, 773, quoting S.A.L. Ry. v. Rentz, 1910, 60 Fla. 449, 54 So. 20, 23. Yaughn's attorney was forced to argue his case without any sure knowledge of the contentions which would be made in behalf of the prosecution. The government attorney was then permitted to conclude the argument by presenting the government's case in full for the first time. Yaughn had no chance to respond to the government's argument. A defendant in a criminal case has a right to defend himself against the charges of the prosecution. This right properly includes not only the right to cross-examine witnesses and to present evidence, but also to reply to the prosecution's argument to the jury.[4]

I think the district court clearly abused its discretion.[5] In my opinion, the district court erred in holding that the government has a *"right"* to waive opening argument and to reserve all of its time for its closing argument. This Court compounds that error when it expresses agreement with the district court's holding. At most, such a ruling may arguably be within the *discretion* of the trial court. Absent unusual circumstances, that discretion should be exercised to require the government to make a fair opening argument. In this case, Yaughn objected at an appropriate time to the government's proposed waiver of its opening argument and reservation of closing argument. No unusual circumstances justified reversal of the usual order of argument. I would reverse because I think the district court abused its discretion to the prejudice of the defendant-appellant.[6] I therefore respectfully dissent.

---

4. See State v. Peterson, Mo.1968, 423 S.W.2d 825, 26 A.L.R.3d 1400; State v. Hale, Mo. 1963, 371 S.W.2d 249, 256; Burrow v. State, 1913, 109 Ark. 365, 159 S.W. 1123; Andrews v. State, 1930, 99 Fla. 1350, 129 So. 771; Tindall v. State, 1930, 99 Fla. 1132, 128 So. 494; Moore v. United States, 1965, 120 U.S.App.D.C. 173, 344 F.2d 558.

5. Since I would hold that the district court abused its discretion, I would not explicitly reach the serious constitutional due process

questions raised by the order of argument in this case.

6. Closing argument is the last word of government counsel to the jury, and in our adversary system, it is usually the time when the prosecution delivers its most telling blows against the hapless defendant. This advantage already possessed by the government should not be magnified by changing the usual order of argument in the manner followed in this case.