**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Arvin Lee OWENS, Defendant-Appellant.**

**No. 71–2138
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Dec. 28, 1971.

Norman Magee, Ferriday, La., for defendant-appellant.

Donald E. Walter, U. S. Atty., David R. Lestage, Asst. U. S. Atty., for plaintiff-appellee.

* ■ Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

**356**

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Owens was convicted of one count of interstate shipment of stolen goods in violation of 18 U.S.C.A. § 2314. He contends that the evidence was insufficient to sustain the verdict, that the trial court improperly questioned witnesses, and that it favored the government by permitting additional closing argument by counsel for both parties. We affirm.

 A number of witnesses testified against Owens including a co-principal who had earlier pled guilty. Upon review of the record we find no plain error nor does this conviction manifest a clear miscarriage of justice. United States v. Pitts, 5 Cir. 1970, 428 F.2d 534, 535, cert. denied, 400 U.S. 910, 91 S.Ct. 154, 27 L.Ed.2d 149. Therefore, we are precluded from reviewing the sufficiency of the evidence because Owens failed to move for a judgment of acquittal at the close of all the evidence. United States v. Patterson, 5 Cir. 1971, 438 F.2d 328, 329.

■■ On numerous occasions throughout the trial the court questioned witnesses and limited counsel in their examination of the witnesses. It is the duty of the trial court to conduct an orderly trial and to make certain as far as possible that there is no misunderstanding of the testimony of the witnesses. Posey v. United States, 5 Cir. 1969, 416 F.2d 545, 555, cert. denied, 397 U.S. 946, 90 S.Ct. 965, 25 L.Ed.2d 127; O'Brien v. United States, 5 Cir. 1969, 411 F.2d 522, 523. We find no unfairness or impartiality in the trial court's conduct.

■ After the closing arguments and the government's rebuttal, the court held a bench conference. The record does not disclose what transpired but the court granted both sides additional closing argument. The order and extent of closing argument are within the trial court's discretion. Hale v. United States, 5 Cir. 1969, 410 F.2d 147, 152, cert.

denied, 396 U.S. 902, 90 S.Ct. 216, 24 L.Ed.2d 179. We find no abuse of discretion here. Furthermore, whatever the court said to counsel was outside the presence of the jury so there was no possible prejudice. Maggard v. Wainwright, 5 Cir. 1970, 432 F.2d 941.

The judgment is affirmed.