**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Herman FRANCIS, Defendant-Appellant.**

**No. 72-2439.**

United States Court of Appeals, Fifth Circuit.

Nov. 23, 1973.

Certiorari Denied April 1, 1974. See 94 S.Ct. 1615.

Godbold, Circuit Judge, specially concurred and filed opinion.

James R. Gillespie, San Antonio, Tex. (Court-appointed), for defendant-appellant.

William S. Sessions, U. S. Atty., Joel D. Conant, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before JONES, GOLDBOLD and INGRAHAM, Circuit Judges.

JONES, Circuit Judge:

Herman Francis appeals from his conviction of importing heroin into the United States in violation of 21 U.S.C.A. § 952(a).

Francis, who was in the military service, left his unit in Viet Nam on February 1, 1972 and arrived at Ton Son Nhut Air Base in Saigon, Viet Nam, to return to the United States. Appellant left Viet Nam from that air base on February 5, 1972.

On or before February 4, 1972 four air mail envelopes having approximate dimensions of 6½ by 3½ inches were placed in the United States Army Mail Depository at Da Nang Air Force Base in Viet Nam addressed either to the appellant or to the appellant and his wife at an address in San Antonio, Texas. Each envelope had the word "Free" typed in the upper right hand corner.

On February 4, 1972, Army Captain George Dell, the postal officer for appellant's unit in Viet Nam, forwarded the

four envelopes to the Bureau of Customs in San Francisco with an accompanying letter stating that the four envelopes were suspicious mail possibly containing contraband matter.

Each envelope felt "spongy" to the touch and masking tape wrappings around a package inside each envelope were visible through the envelopes.

The four envelopes and Captain Dell's letter were received on February 10, 1972 by Mrs. Leonora Barnes, a United States Customs Mail Entry Aide at the Oakland, California Customs Facility. Mrs. Barnes opened the envelopes and found a powdery white substance inside of each. No written or printed matter of any kind was in any of the envelopes. After obtaining the result of a test showing that each of the envelopes contained a contraband opiate derivative, Mrs. Barnes returned the contents to the individual envelopes.

On February 18, 1972 the four envelopes and their contents were forwarded to Postal Inspector Xavier Harrison in San Antonio, Texas, who received them on February 22, 1972. On February 24, 1972 Inspector Harrison delivered the envelopes to Special Agent Willis Dean Walker of the United States Customs Service in San Antonio. Harrison and Walker then took the letters to a United States Customs laboratory.

The laboratory analysis disclosed that the substance contained in the envelopes was heroin, and, after this determination was made, a portion of the heroin, mixed with lactose, was returned to each of the four envelopes. Agent Walker made and filed with the United States Magistrate a sworn complaint stating that the envelopes containing heroin were mailed from Viet Nam to Francis or to Francis and his wife at a time when Francis was in Viet Nam. A warrant for the arrest of Francis was issued.

A postage due notice was sent to the address on the envelopes. The appellant appeared and paid the postage due on the envelopes and picked them up at a post office substation in San Antonio. The appellant took the envelopes to his car and placed them on the front seat beside him. He was then arrested by Agent Walker who again took possession of the four envelopes and their contents.

The indictment charged that "Francis knowingly and intentionally imported and caused to be imported approximately eight and one-half (8½) grams of heroin, (a Schedule I narcotic drug), into the United States from South Vietnam, in violation of Title 21, United States Code, Section 952(a)." The statute provides:

"It shall be unlawful to import into the customs territory of the United States from any place outside thereof (but within the United States), or to import into the United States from any place outside thereof, any controlled substance in schedule I [including heroin]. . . . of subchapter I of this chapter, except . . ." 21 U.S.C.A. § 952(a).

Francis filed a timely motion to suppress the four envelopes and their contents. The motion was overruled. At the trial the envelopes and their contents were offered in evidence and, over Francis' objection, were received in evidence along with testimony as to the nature of the matter enclosed in the envelopes. The primary basis for the appellant's contention is the claim that the mailed material was First Class mail and as such was free from search in the absence of a warrant. By statute it is provided that "[o]nly an employee opening dead mail by authority of the Postmaster General, or a person holding a search warrant authorized by law may open any letter or parcel of the first class which is in the custody of the [Postal] Department." 39 U.S.C.A. § 4057. It is further provided that "[f]irst class mail consists of mailable (1) postal cards, (2) post cards, (3) matter wholly or partially in writing or typewriting, except as provided in sections 4365, 4453, and 4555 of this title, and (4) matter closed against postal inspection." 39 U.S.C.A. § 4251(a).

The four envelopes sent from Viet Nam were obviously not postal cards or post cards; they were not in fact nor in appearance matter wholly or partially in writing or typewriting; they were not within the provisions of Sections 4365, 4353 or 4355. The four envelopes were not matter closed against postal inspection as appears from the following pertinent Postal Regulation:

"All mail originating outside the customs territory of the United States is subject to customs examination, except (a) mail addressed to Ambassadors and Ministers (Chiefs of Diplomatic Missions)· of foreign countries, (b) letter mail known or believed to contain only correspondence or documents addressed to diplomatic missions or the officers thereof, or international organizations designated by the President as public international organizations pursuant to the International Organizations Immunities Act, and other mail addressed to such international organizations pursuant to instructions issued by the Department of the Treasury, and (c) mail known or believed to contain only official documents addressed to officials of the U. S. Government." 39 C.F.R. § 61.1.

No gloss upon the provisions hereinbefore quoted is required to show that the mailed matter of this case is not entitled to any First Class mail exemption from search and seizure.

It is urged most persuasively by the Government that the right to search matter coming into from without the United States exists even though the search is of First Class mail. The statute provides:

"Any of the officers or persons authorized to board or search vessels may stop, search, and examine, as well without as within their respective districts, any vehicle, beast, or person, on which or whom he or they shall suspect there is merchandise which is subject to duty, or shall have been introduced into the United States in any manner contrary to law, whether by the person in possession or charge, or by, in, or upon such vehicle or beast, or otherwise, and to search any trunk or envelope, wherever found, in which he may have a reasonable cause to suspect there is merchandise which was imported contrary to law; and if any such officer or other person so authorized shall find any merchandise on or about any such vehicle, beast, or person, or in any such trunk or envelope, which he shall have reasonable cause to believe is subject to duty, or to have been unlawfully introduced into the United States, whether by the person in possession or charge, or by, in, or upon such vehicle, beast, or otherwise, he shall seize and secure the same for trial." 19 U.S.C.A. § 482.

The Government contends that the statutory provision that a customs officer may search any envelope, wherever found, where he has reasonable cause to suspect that there is merchandise which has been imported contrary to law, is applicable here. The temptation to make a determination of this question will be resisted and the decision will rest on the conclusion that the mailing was not of First Class matter.

Francis claims error was committed by the court in the introduction of the paper wrapping of the heroin and of the testimony identifying the fingerprints on such papers as those of the appellant. The objections to this evidence, as raised in this Court, go to the weight and not to the admissibility of the evidence. The question was one for the jury and was submitted to it. There was no error in the admission of the challenged evidence.

The appellant · urges that the complaint on which the arrest warrant was issued was insufficient and therefore, appellant says, his arrest and the seizure of the envelopes as an incident of the arrest were invalid. It seems probable that the complaint is such that it can withstand the attack made upon it but we need not so decide to hold valid the arrest and the seizure incident to the arrest. The arresting officer knew

that the envelopes contained heroin, that they were claimed by and taken into the possession of Francis and were in his possession. Under such circumstances the arrest would have been valid without a warrant and the question of the sufficiency of the complaint becomes immaterial. United States v. Wilson, 5th Cir. 1971, 451 F.2d 209, cert. denied sub nom. Fairman v. United States, 405 U.S. 1032, 92 S.Ct. 1298, 31 L.Ed.2d 490.

. [5, 6] Francis would have this Court reverse the judgment of conviction on the ground of insufficiency of the evidence. He made a motion for a directed verdict of acquittal at the close of the Government's case in chief, which was followed by defense evidence and Government rebuttal, but made no like motion at the close of all of the evidence. No plain error is shown and no miscarriage of justice would result from an affirmance. The evidence was adequate. The contention is without merit. United States v. Owens, 5th Cir. 1971, 453 F.2d 355.

■ Before imposing a sentence of five years imprisonment and a three year special parole term, the judge had before him a presentence report of a probation officer. The report contained the results of a polygraph test made in the absence of and without notice to Government counsel, and without a showing of the identity or qualifications of the person making the test. The judge announced that no consideration would be given to the polygraph test. This is assigned as error. It may be that there are situations where failure to consider a polygraph test would be error but this is not one of them.

The decision of this Court in the recently decided case of United States v. Phillips, 5th Cir. 1973, 478 F.2d 743, is not in point on any of the issues in this cause.

Since no error is shown, the judgment of the district court is

Affirmed.

GODBOLD, Circuit Judge (specially concurring):

I concur in the result but for reasons slightly different from those of Judge Jones' opinion for the majority. He concludes that the four envelopes were not first class matter and thus not entitled to the protection extended by the fourth amendment [1] to first class mailings. "[T]he privacy of a sealed item bearing the proper amount of postage for a first class item is protected from warrantless opening, not because it is given the appellation 'first class' but because the Constitution commands that result." United States v. Phillips, 478 F.2d 743 (CA5, 1973). I am unable to find either statute or regulation establishing a classification for mail sent postage free to the United States from a point outside the United States by a member of the armed services. Thus it seems to me necessary to look beyond the matter of appellations and examine the nature and characteristics of the particular items to determine whether with respect to them the sender enjoyed a sufficient expectation of privacy that the fourth amendment would protect against their being opened without a search warrant. I think these items did not enjoy such a zone of privacy. The right of a person to send mail free of postage from Viet Nam to the United States is limited to "personal letter mail, including post cards, in the usual and generally accepted form, and sound-recorded communications having the character of personal correspondence." 39 CFR 131.52. The mail must bear in the upper right corner (in the usual place for a stamp) in the handwriting of the sender, the word "Free." *Id.* These four items did not appear to be "personal letter mail . . . in the usual and generally accepted form." They were bulky and spongy and masking tape could be seen within around a bulky enclosure. The word "Free" had been typed in rather than written in the hand

1. And carried forward into 39 U.S.C.A. § 4057 (1962).

of the sender.[2] The items were forwarded to California from a postal officer in Viet Nam who noted their suspicious character and the possibility that they might contain contraband. Because of drug traffic from Southeast Asia the California facility was receiving daily a number of items flagged as suspicious and with the suggestion they be examined for contraband and, in fact, contraband was being discovered by such examinations.

Under the circumstances of this case the postal facility could examine the four envelopes without a warrant.

2. As the District Judge noted in hearing on a motion to suppress, the handwriting requirement is reasonably related to identifying the person availing himself of the postage-free privilege, should that be necessary. 39 CFR 131.52 also requires that the sender's name, service number, grade and complete military address appear in the upper left corner of the envelope, but this need not be in the handwriting of the sender.