UNITED STATES of America, Plaintiff-Appellee,

v.

Kenneth BERDICK, M. D., Defendant-Appellant.

No. 77–5011

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

July 18, 1977.

Rehearing Denied Aug. 9, 1977.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

**1330**

Max B. Kogen, Geoffrey C. Fleck, Miami, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Charles O. Farrar, Jr., Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before AINSWORTH, MORGAN and GEE, Circuit Judges.

PER CURIAM:

Appellant Kenneth Berdick, a medical doctor, was convicted by a jury on 41 counts of knowingly making false, fictitious and fraudulent statements regarding material facts in a matter within the jurisdiction of the Department of Health, Education and Welfare and the Social Security Administration, in violation of 18 U.S.C. § 1001. Overwhelming evidence presented by the Government showed that on numerous occasions appellant billed Medicare for tests which were either not performed or performed at laboratories for which inflated and inapplicable rates were charged by appellant. Appellant alleges several errors on appeal, all of which are without merit. We affirm.

Our study of the issues raised convincingly shows that:

1. There was no error by the trial court in denying defendant's motion for mistrial based on alleged prejudicial exposure by the jury to a newspaper article which was completely irrelevant to the trial.[1] *Marshall v. United States*, 360 U.S. 310, 79 S.Ct. 1171, 3 L.Ed.2d 1250 (1959); *Gordon v. United States*, 5 Cir., 1971, 438 F.2d 858; *Smith v. United States*, 5 Cir., 1967, 385 F.2d 34.

2. The remarks made by the trial court in commenting on the evidence were entirely within its discretion. The comments were not only fair and impartial but necessary to avoid lengthy, redundant and confusing testimony. *See United States v. Owens*, 5 Cir., 1971, 453 F.2d 355; *Posey v. United States*, 5 Cir., 1969, 416 F.2d 545; *United States v. Dopf*, 5 Cir., 1970, 434 F.2d 205.

3. There is no merit to the contention that the Government elicited testimony referring to appellant's constitutional right to remain silent, thus violating his Fifth

---

1. On the fifth day of the trial, the following caption appeared in the *Miami Herald*:

    35 Florida Clinics, Practitioners Got More Than $100,000 from Medicaid.

    Although the trial judge observed that the newspaper article did not mention defendant's name nor relate in any manner to the trial, he nevertheless allowed the polling of the jury to ascertain whether they had seen the article. Only two of them had seen the caption and none of them had read the article. The offer by the trial court to excuse the two jurors was rejected by the defense.

and Sixth Amendment rights against self-incrimination and deprivation of a fair trial. Contrary to appellant's allegation, he did not remain silent when questioned by the testifying witness, an investigator for the Department of Health, Education and Welfare, but attempted at length to explain the various misrepresentations in his Medicare billings. Appellant's reliance on *United States v. Hale*, 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975); *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976) and related decisions is misplaced.

4. Finally, it was within the discretion of the trial court to permit rebuttal testimony of a Government witness who had remained in the courtroom during the prosecution's case, left thereafter, and who was later called by the Government to rebut impeaching testimony of a defense witness. *See Barnard v. Henderson*, 5 Cir., 1975, 514 F.2d 744.

AFFIRMED.