[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14047
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 8, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00514-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHANE DOLAN KNIGHT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 8, 2009)

Before DUBINA, Chief Judge, TJOFLAT and ANDERSON, Circuit Judges.

PER CURIAM:

Shane Dolan Knight, convicted of illegal possession of a firearm by a

convicted felon and possession of stolen firearms, in violation of 18 U.S.C. § 922(g) and (j), appeals the district court's denial of his motion to suppress. The motion challenged the firearm seized after he dropped a concealed weapon upon fleeing a police officer. The motion also challenged seizure of the firearms found in the search of a stolen vehicle subsequent to Knight's arrest. Knight also argues that the district court impermissibly shifted the burden onto him to show that the warrantless search was unreasonable and violated his Fifth Amendment right to remain silent when, during the suppression hearing, it commented on the defense's failure to provide an alternative explanation to certain undisputed evidence.

For reasons set forth below, we affirm.

A.

Rulings on motions to suppress evidence constitute mixed questions of law and fact. United States v. LeCroy, 441 F.3d 914, 925 (11th Cir. 2006). We accept the district court's findings of fact unless they are clearly erroneous, but review questions of law de novo. Id. Credibility determinations by the trial judge are typically "conclusive on the appellate court unless the judge credits exceedingly improbable testimony." United States. v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir. 2002) (quoting United States v. Cardona-Rivera, 904 F.2d 1149, 1152 (7th Cir. 1990)). We construe the facts in the light most favorable to the party that

prevailed below. United States v. Nunez, 455 F.3d 1223, 1225 (11th Cir. 2006).

"In most circumstances, for a search that is not based on consent to comply with the Fourth Amendment, law enforcement must obtain a warrant supported by probable cause." United States v. Magluta, 418 F.3d 1166, 1182 (11th Cir. 2005). Evidence obtained in violation of the Fourth Amendment must be suppressed. United States v. Gilbert, 942 F.2d 1537, 1541 (11th Cir. 1991). "A seizure under the Fourth Amendment occurs when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen." United States v. Franklin, 323 F.3d 1298, 1301 (11th Cir. 2003) (internal quotations omitted). However, even assuming that an officer's actions constitute a show of authority, an individual who fails to comply by fleeing the police is not seized. California v. Hodari D., 499 U.S. 621, 629, 111 S. Ct. 1547, 1552 (1991).

Whether a seizure violates the Fourth Amendment involves two questions: (1) was the officer's action justified at its inception and (2) was the search reasonably related in scope to the circumstances which justified the interference. Terry v. Ohio, 392 U.S. 1, 20-21, 88 S. Ct. 1868, 1879 (1968).

With regard to the first question, "the police may stop and briefly detain a person to investigate a reasonable suspicion that he is involved in criminal activity, even though probable cause is lacking." United States v. Williams, 876 F.2d 1521,

1523 (11th Cir. 1989). Although reasonable suspicion requires less than probable cause, the police must "articulate facts which provide some minimal, objective justification for the stop." Id. at 1524. "Great deference is given to the judgment of trained law enforcement officers 'on the scene.'" United States v. Chanthasouxat, 342 F.3d 1271, 1276 (11th Cir. 2003). Although there must be some justification for the stop, none of the suspect's actions need be criminal on their face. United States v. Lee, 68 F.3d 1267, 1271 (11th Cir. 1995).

An officer may frisk or pat-down an individual in order to conduct a limited search for weapons where the officer has reason to believe that the individual is armed and dangerous. Terry, 392 U.S. at 27, 88 S. Ct. at 1883. If an officer observes an object of immediate incriminating character from a lawful location and with lawful right of access to that object, he may lawfully seize the object without a warrant. United States v. Smith, 459 F.3d 1276, 1290 (11th Cir. 2006). When individuals abandon contraband during a chase with law enforcement, they have no expectation of privacy to challenge seizure of the property. United States v. Tinoco, 304 F.3d 1088, 1117 (11th Cir. 2002); see also Hodari D., 499 U.S. at 629, 111 S. Ct. at 1552 (holding that an individual is not seized while fleeing police, so items discarded or abandoned during the chase are not evidence susceptible to exclusion).

4

Once a suspect is under lawful arrest, law enforcement officers may also search areas within the immediate control of the suspect to prevent him from obtaining a weapon or destroying evidence. Chimel v. California, 395 U.S. 752, 762-63, 89 S. Ct. 2034, 2040 (1969). A defendant has no standing to contest the search of a vehicle that is not his and that he was not even a passenger in when arrested. United States v. Arce, 633 F.2d 689, 694 (5th Cir. 1980).

In order to claim the protection of the Fourth Amendment, a defendant must demonstrate that he personally has an expectation of privacy in the place entered or searched by police, and that his expectation is reasonable. Minnesota v. Carter, 525 U.S. 83, 88, 119 S. Ct. 469, 472 (1998). Even where a defendant does not own the property searched, he may nevertheless have a reasonable expectation of privacy in that place by virtue of his relationship with that place. United States v. Chaves, 169 F.3d 687, 690-91 (11th Cir. 1999). The Fourth Amendment protection of a home, however, has never been extended to require law enforcement officers to shield their eyes when passing by a home on public thoroughfares. California v. Ciraolo, 476 U.S. 207, 213, 106 S. Ct. 1809, 1812 (1986). An officer is not precluded from making observations from a public vantage point where he has a right to be and which renders the activities clearly visible. Id.

5

Here, the district court did not clearly err in its factual findings, including its credibility determinations. The magistrate judge determined that officer Morris's testimony was credible despite some apparent inconsistencies in his testimony. The magistrate judge's determination was based in part on consistent testimony from officer Morris regarding how the encounter occurred and Knight's dropping of a concealed weapon when he jumped off a porch and attempted to flee. The judge also considered corroborating testimony by another officer and the fact that no alternative explanation of the events had been presented. The court below is in a superior position to make credibility determinations. There is no indication that the district court relied on exceedingly improbable testimony.

With respect to his Fourth Amendment challenge, Knight did not establish that he was seized or arrested without reasonable suspicion or probable cause, and Knight did not establish that he had a reasonable expectation of privacy either in the place he was found or with respect to the stolen car. Knight was first spotted by officer Morris at a known drug house in which the officer was aware that Knight was not a resident. Knight was on the porch and was visible to the officer from the street. Although officer Morris asked Knight to come speak to him, Knight was not seized because he did not submit to the officer's show of authority. Upon fleeing, Knight dropped a concealed weapon, providing the officer with

6

sufficient probable cause to pursue and arrest him. Upon arresting Knight, officer Morris obtained the key to the vehicle in which the additional guns were discovered during a legal search incident to a lawful arrest.

Officer Morris acted within his right to seize the weapon Knight dropped in a location he had lawful access to, and, based on the circumstances, he had probable cause to arrest and search Knight and the stolen car. Furthermore, Knight failed to present any evidence that he had a reasonable expectation of privacy on a porch that was in the officer's plain view from the street (and did not belong to Knight), and Knight did not have a reasonable expectation of privacy in the stolen car. Therefore, the district court did not err in denying Knight's motion to suppress the weapon that Knight dropped and the weapons discovered in the stolen car.

B.

We review a judge's comment on evidence for an abuse of discretion. See, e.g., United States v. Berdick, 555 F.2d 1329, 1330 (5th Cir. 1977). Remarks may constitute error if they (1) were improper and (2) prejudiced the defendant's substantive rights. United States v. Delgado, 56 F.3d 1357, 1368 -1369 (11th Cir. 1995). However, we have repeatedly held that a defendant's Fifth Amendment right not to testify is not infringed by a comment on the failure of the defense, as

7

opposed to the defendant, to counter or explain the testimony presented or evidence introduced.  United States v. Norton, 867 F.2d 1354, 1364 (11th Cir. 1989) (viewing the prosecutor's remarks as permissible comments on the logical inferences from the existing evidence rather than an argument requiring a negative inference from the defendant's choice not to testify).

We have also held that, upon a motion to suppress evidence garnered through a warrantless search and seizure, the burden of proof as to the reasonableness of the search rests with the prosecution.  United States v. Freire, 710 F.2d 1515, 1519 (11th Cir. 1983).  "The government must demonstrate that the challenged action falls within one of the recognized exceptions to the warrant requirement, thereby rendering it reasonable within the meaning of the Fourth Amendment."  Id.

After acknowledging Knight's challenge to officer Morris's credibility, the magistrate judge noted that the defense had not presented any alternative theory as to how the arrest took place or how the evidence was discovered.  The magistrate determined that officer Morris's testimony regarding the relevant facts was credible despite some minor inconsistencies and despite his admission that he had lied during an internal affairs investigation regarding an extra-marital affair with another officer.  Since Knight's challenge to the arresting officer's credibility was

unpersuasive, the magistrate judge offered Knight's counsel the opportunity to provide some alternative explanation for how the relevant events transpired.

Here, the court did not abuse its discretion by commenting on the evidence and did not improperly shift the burden of persuasion onto Knight by commenting that the defense did not offer an alternative explanation regarding the evidence presented. The court specifically acknowledged that the prosecution had the burden of proof and determined that the prosecution met its burden. The court made a legitimate comment on the evidence, and it did not prejudice Knight's substantive rights. Furthermore, the court's comment on the evidence did not violate Knight's Fifth Amendment rights.

Based on the foregoing, we affirm.

AFFIRMED.[1]

---

[1] Knight's request for oral argument is denied.