[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 10, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14370
Non-Argument Calendar

_____

D. C. Docket No. 07-20721-CR-JLK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL ANTHONY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 10, 2009)

Before TJOFLAT, EDMONDSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Michael Lamar Anthony appeals his convictions and 120-month sentences

for possession with intent to distribute crack, cocaine, heroin, and marijuana, in

violation of 21 U.S.C. § 841. Anthony now appeals, arguing (1) the court erred by denying his motion to suppress evidence seized from his apartment; (2) various improper statements at trial by the court and prosecutor amounted to misconduct and prejudiced his case; and (3) the notice of enhanced penalties was insufficient under 21 U.S.C. § 851 to confer jurisdiction. After a thorough review of the record and the parties' briefs, we affirm.

1. Motion to Suppress

"A district court's ruling on a motion to suppress presents a mixed question of law and fact." United States v. Zapata, 180 F.3d 1237, 1240 (11th Cir. 1999). We accept the district court's findings of fact to be true, unless shown to be clearly erroneous, and review de novo the district court's application of the law to those facts. Id. "[A]ll facts are construed in the light most favorable to the prevailing party below." United States v. Bervaldi, 226 F.3d 1256, 1262 (11th Cir. 2000). "The individual challenging the search bears the burdens of proof and persuasion." United States v. Cooper, 133 F.3d 1394, 1398 (11th Cir. 1998). In reviewing the denial of a motion to suppress, we may consider the entire record. United States v. Newsome, 475 F.3d 1221, 1224 (11th Cir. 2007).

Although the Fourth Amendment shields one's home from unreasonable searches and seizures by law enforcement officers, "because the ultimate

2

touchstone of the Fourth Amendment is 'reasonableness,' the warrant requirement is subject to certain exceptions." Brigham City, Utah v. Stuart, 547 U.S. 398, 126 S.Ct. 1943, 1947, 164 L.Ed.2d 650 (2006). One exception is a warrantless search made pursuant to voluntary consent. Illinois v. Rodriguez, 497 U.S. 177, 181, 110 S.Ct. 2793, 2797, 111 L.Ed.2d 148 (1990); Katz v. United States, 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967). Consent is voluntary "if it is the product of an 'essentially free and unconstrained choice.'" United States v. Purcell, 236 F.3d 1274, 1281 (11th Cir. 2001) (quotation omitted). The government bears the burden of proving the existence of valid consent-that the consent was given voluntarily and not in acquiescence to a claim of lawful authority. United States v. Blake, 888 F.2d 795, 798 (11th Cir. 1989). Consent "usually turns on credibility choices resulting from conflicting testimony." United States v. Gonzalez, 71 F.3d 819, 828 (11th Cir. 1996) (internal quotations marks omitted). Credibility determinations are within the province of the fact finder "because the fact finder personally observes the testimony and is thus in a better position than a reviewing court to assess the credibility of witnesses." United States v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir. 2002). We "'must accept the evidence unless it is contrary to the laws of nature, or is so inconsistent or improbable on its face that no reasonable factfinder could accept it.'" Id.

3

(alteration in original) (quotation omitted).

In this case, Miami-Dade Police Detective Kevin Richardson, Detective William Padraja, and Sergeant Jose Ramirez testified that they went to Anthony's apartment after receiving an anonymous tip. Catherine Cannady, Anthony's mother and the lease holder on the apartment, answered the door, invited them in, and gave both written and verbal consent to search the apartment. Cannady was calm and cooperative and was not pressured or coerced to give consent. Cannady escorted the officers to the bathroom where they spoke with Anthony, who identified his bedroom and gave verbal consent to a search. Police found drugs, drug paraphernalia, and a firearm. Anthony was arrested and given his rights, after which he admitted the contraband was his and stated that his mother knew nothing about it. Police also searched the bathroom and found more drugs, which Anthony also admitted were his.

Cannady testified that when she opened the door, there were about seven or eight officers there. One of the officers slid his foot over the threshold so she could not close the door. After the officers entered the apartment, one officer pushed a form at her. She was very nervous, did not know what the form was, and felt pressured to sign it. Although she allowed the police entry into her home and permitted them to look around, she did not think she had given consent to a search.

4

Nevertheless, she admitted that she had written her address on the consent form and had signed and dated it. She also admitted that she signed the form where it indicated that consent had been given freely.

Upon review, we conclude the district court properly denied the motion to suppress. The magistrate judge explained that the officers's testimony was more credible than Cannady's.[1] Viewing the evidence in the light most favorable to the government, the testimony established that three officers arrived at Anthony's apartment, identified themselves, and informed Cannady that they were investigating a tip. Cannady invited them in; she was calm and cooperative as she signed the consent form and led the officers through the house. On these facts, Anthony has not shown that the initial entry into the apartment or the subsequent consent to search was invalid. See United States v. Ramirez-Chilel, 289 F.3d 744, (11th Cir. 2002) (deferring to magistrate judge's credibility determination where magistrate judge explained reasons for finding police more credible and report indicated that magistrate judge had considered all the testimony).

2. Alleged Errors at Trial

---

[1] In his motion to suppress and objections to the magistrate judge's recommendation, Anthony argued that the consent was involuntary but did not explicitly argue that the initial entry was invalid. In a single sentence, which is insufficient to preserve the issue, Anthony stated that seven or eight officers arrived at the house and one officer placed his foot in the door to prevent Cannady from closing it. He offered no law to argue that this entry was illegal or non-consensual. Nevertheless, a review of the evidence establishes that the initial entry into the apartment was consensual and not the result of coercion or a show of authority.

5

Anthony argues that the following instances of prosecutorial and judicial misconduct prejudiced his case: (1) the court's explanation of the charges against Anthony during opening statements, stating "if I may put it in this fashion for the jury to understand, operating sort of a pharmacy or drug store"; (2) the prosecutor's reference in opening statements that "in the words of a convicted felon," Anthony admitted his possession of the gun and drugs; (3) the court's refusal to allow defense counsel to offer its view of the evidence during opening statements; and (4) the prosecutor's reference in rebuttal to Anthony going home, which implied that he was in custody. According to Anthony, the cumulative effect of these errors compels reversal of his convictions.

We review a judge's comment on evidence for an abuse of discretion. See, e.g., United States v. Berdick, 555 F.2d 1329, 1330 (5th Cir. 1977).[2] Allegations of prosecutorial misconduct present mixed questions of fact and law that are reviewed de novo. United States v. Noriega, 117 F.3d 1206, 1218 (11th Cir. 1997). We review a claim that the district court improperly limited a defendant's opening statement for an abuse of discretion. See United States v. Burns, 298 F.3d 523, 543 (6th Cir. 2002) (stating a district judge's conduct of a trial, including opening statements, is reviewed for an abuse of discretion) (persuasive authority).

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), this court held that all decisions handed down by the former Fifth Circuit before the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit.

6

The denial of a motion for a mistrial is reviewed for abuse of discretion. United States v. Campa, 529 F.3d 980, 992 (11th Cir. 2008), cert. denied, 129 S.Ct. 2790 (2009). When a defendant fails to object to an error before the district court, we review the argument for plain error. United States v. Hall, 314 F.3d 565, 566 (11th Cir. 2002); see also United States v. Olano, 507 U.S. 725, 731-32, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993). "Plain error occurs where (1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Hall, 314 F.3d at 566; Olano, 507 U.S. at 732.

a. the court's statement

Anthony challenges the district court's statement to the jury that Anthony was operating a drug store. Because Anthony failed to object at trial, we review this issue for plain error.

Remarks may constitute error if they (1) were improper and (2) prejudiced the defendant's substantive rights. United States v. Delgado, 56 F.3d 1357, 1368 -1369 (11th Cir. 1995). Furthermore, '[a] clear effect on the jury is required to reverse for comment by the trial judge.'" United States v. Morales, 868 F.2d 1562, 1576 (11th Cir. 1989). "[I]n order to amount to reversible error, a judge's remarks

7

must demonstrate such pervasive bias and unfairness that they prejudice one of the parties in the case." United States v. Ramirez-Chilel, 289 F.3d 744, 750 n.6 (11th Cir. 2002); see also United States v. Verbitskaya, 406 F.3d 1324, 1337 (11th Cir. 2005).

Here, the court's statement was a single, isolated comment. The jury heard testimony that Anthony admitted possession of the drugs. In light of this evidence, Anthony cannot show that he was prejudiced by the court's comment.

b. the prosecutor's opening statement

Anthony next challenges the prosecutor's reference during open statement to Anthony's status as a convicted felon. Again, we review this claim for plain error.

Prosecutorial misconduct is a basis for reversing an appellant's conviction only if, in the context of the entire trial and in light of any curative instruction, the misconduct may have prejudiced the substantial rights of the accused. United States v. Cordoba-Mosquera, 212 F.3d 1194, 1198 (11th Cir. 2000). When we review an issue of prosecutorial misconduct, we must determine (1) whether the challenged comments were improper and (2) if so, whether they prejudiced the defendant's substantial rights. United States v. Paul, 175 F.3d 906, 909 (11th Cir.1999). "A defendant's substantial rights are prejudicially affected when a reasonable probability arises that, but for the remarks, the outcome of the trial

8

would have been different." United States v. Eckhardt, 466 F.3d 938, 947 (11th Cir. 2006). "This court gives 'considerable weight to the district court's assessment of the prejudicial effect of the prosecutor's remarks and conduct.'" Cordoba-Mosquera, 212 F.3d at 1198 (internal citation omitted). When the record contains sufficient independent evidence of guilt, such error is usually harmless. United States v. Adams, 74 F.3d 1093, 1097-98 (11th Cir. 1996).

Here, the prosecutor stated in opening remarks that Anthony was a convicted felon who had admitted possession of the drugs. During trial, Anthony stipulated that he had a prior felony conviction. The jury then heard testimony that Anthony admitted possessing the drugs. Anthony cannot show that the alleged error resulted in prejudice.

c. defense counsel's opening statement

Anthony next challenges the court's limitations on defense counsel's opening statement. An opening statement gives counsel the opportunity to state what evidence will be presented in order to make it easier for the jurors to understand what is to follow, and is not an occasion for argument. United States v. Zielie, 734 F.2d 1447, 1455 (11th Cir. 1984), abrogated on other grounds by United States v. Chestang, 849 F.2d 528, 531 (11th Cir. 1988). "The scope and extent of the defendant's opening statement rests largely in the discretion of the

9

trial court." United States v. Freeman, 514 F.2d 1184, 1192 (10th Cir. 1975) (persuasive authority). The court "can exclude irrelevant facts and stop argument if it occurs." Zielie, 734 F.2d at 1455.

Here, defense counsel's statements constituted argument and did not inform the jury as to the evidence it would hear. Accordingly, the district court's warnings to defense counsel were proper.

d. rebuttal

Anthony contends that the prosecutor's reference to Anthony "going home tonight" was an impermissible statement that Anthony was in custody. In order to succeed on appeal, Anthony must show that the statement was improper and that, in the context of the entire trial, the improper statement prejudiced his substantial rights. Cordoba-Mosquera, 212 F.3d at 1198.

This court has expressed concern over the potential prejudice arising from the jury's knowledge that the defendant has been incarcerated while awaiting trial. United States v. Harris, 703 F.2d 508, 510 (11th Cir. 1983) (concluding that a defendant's appearance at trial dressed in prison clothes prejudiced the jury but explaining that reversal was not warranted if the error was harmless beyond a reasonable doubt). A brief utterance or comment of the word "jail," "prison," or "custody," however, does not constitute per se reversible error. See United States

10

v. Villabona-Garnica, 63 F.3d 1051, 1058 (11th Cir. 1995).

Here, Anthony's cousin, Tremaine King, testified that he had obtained the gun the day before the arrest and had brought it into the bedroom. After the defense reminded the jury in closing argument that Tremaine admitted the gun was his, the government in rebuttal asserted that Tremaine's testimony was simply that of a young boy trying to protect his cousin, "to try to let his cousin go home tonight too."

Upon review, we conclude the prosecutor's rebuttal argument did not violate due process. First, it was a single comment and did not directly reference – or arguably even imply – Anthony's custody status. Second, the jury was instructed that what the lawyers say is not evidence, and we presume the jury followed its instructions. United States v. Simon, 964 F.2d 1082, 1087 (11th Cir. 1992). Third, the evidence against Anthony was overwhelming. Accordingly, Anthony cannot show that the statement resulted in prejudice.

e. cumulative effect

"[T]he cumulative effect of several errors that are harmless by themselves could so prejudice the defendant's right to a fair trial that a new trial might be necessary." United States v. Preciado-Cordobas, 981 F.2d 1206, 1215 n.8 (11th Cir. 1993). "In addressing a claim of cumulative error, [this court] must examine

11

the trial as a whole to determine whether the appellant was afforded a fundamentally fair trial." United States v. Calderon, 127 F.3d 1314, 1333 (11th Cir. 1997). Where there is no error or only a single error, there can be no cumulative error. See United States v. Waldon, 363 F.3d 1103, 1110 (11th Cir. 2004).

Because, as discussed above, there were no errors, there could be no cumulative error. Waldon, 363 F.3d at 1110.

3. Sentencing Enhancement

Anthony argues that the district court lacked jurisdiction to impose the mandatory minimum sentence for the crack cocaine offense because the government's § 851 notice failed to identify the date of the prior conviction or the relevant statutory provision supporting the enhancement.

Relevant to the issue of notice, Anthony was indicted for possession with intent to distribute five grams or more of crack, in violation of 21 U.S.C. § 841(a) and (b)(1)(B). Prior to trial, the government filed a notice of enhanced penalties under 21 U.S.C. § 851 because Anthony had a prior conviction. The notice identified the prior offense as a conviction "in Miami-Dade County, Miami, Florida, in case number F01-039526 (Cocaine Possession with Intent to Sell/Deliver & Cannabis Possession with Intent to Sell/Deliver)."

12

We review de novo questions regarding the adequacy of a § 851 notice.

United States v. Ramirez, 501 F.3d 1237, 1239 (11th Cir. 2007).

Section 851(a)(1) provides:

> No person who stands convicted of an offense under this part shall be
> sentenced to increased punishment by reason of one or more prior
> convictions, unless before trial, or before entry of a plea of guilty, the
> United States attorney files an information with the court . . . stating in
> writing the previous convictions to be relied upon. . . . Clerical
> mistakes in the information may be amended at any time prior to the
> pronouncement of sentence.

21 U.S.C. § 851(a)(1). The purpose of § 851(a)(1) is to "allow the defendant to

contest the accuracy of the information . . . [and] to have ample time to determine

whether to enter a plea or go to trial and plan his trial strategy with full knowledge

of the consequences of a potential guilty verdict." United States v. Williams, 59

F.3d 1180, 1185 (11th Cir. 1995).

The § 851 "notice requirement is jurisdictional: unless the government

strictly complies, the district court lacks jurisdiction to impose the enhanced

sentence."[3] United States v. Jackson, 544 F.3d 1176, 1184-85 (11th Cir. 2008),

cert. denied, 129 S.Ct. 1925 (2009); United States v. Ramirez, 501 F.3d 1237, 1239

(11th Cir. 2007); United States v. Thompson, 473 F.3d 1137, 1144 (11th Cir.

2006). When a notice of enhancement contains minor errors, this court will find

---

[3] Although Anthony did not challenge the adequacy of the notice before the district court,
because the issue is jurisdictional, Anthony can raise it at any time. United States v. Giraldo-Prado,
150 F.3d 1328, 1329 (11th Cir. 1998).

13

§ 851 compliance as long as the notice, despite the errors, unambiguously signaled the government's intent. Perez v. United States, 249 F.3d 1261, 1266-67 (11th Cir. 2001).

Importantly, the text of the statute does nothing more than require the government to file notice *before trial or entry of a guilty plea*; it does not specify how to satisfy the notice requirement. To answer this question, this court has considered the purpose behind the notice requirement. See Ramirez, 501 F.3d at 1239.

Here, the notice was filed prior to trial and identified the prior conviction by case number, offense, and venue. Contrary to Anthony's claim, this was sufficient to meet the first purpose of the notice requirements and enabled Anthony to contest the accuracy of the information.

The question is whether the notice meets the second requirement, the identification of the relevant statute. There is no dispute that the notice failed to identify the statute under which the enhanced penalty fell. Section 841(b) allows for enhanced penalties ranging from a ten-year mandatory minimum to life imprisonment depending on the amount of drugs involved and the type of prior conviction. See 21 U.S.C. § 841(b)(1)(A), (B), (C).

In this case, the indictment charged Anthony with possession with intent to

14

distribute five grams or more of crack in violation of § 841(b)(1)(B). Thus, Anthony should have known that he faced an enhanced sentence of ten years' imprisonment based on the amount of drugs and his prior felony conviction. Moreover, Anthony conceded at sentencing that he faced the ten-year mandatory minimum sentence, indicating that he was not confused by the failure to list the statutory provision in the § 851 notice.[4] On these facts, we conclude the notice was sufficient to meet the purposes of § 851 when considered in conjunction with the indictment.

For the foregoing reasons, we affirm Anthony's convictions and sentences.

**AFFIRMED.**

---

[4] Anthony's reliance on United States v. Bowden, 2009 WL 32755 (11th Cir. Jan. 7, 2009), is misplaced. We are not bound by unpublished opinions. Nevertheless, the facts of the case are distinguishable. In Bowden, the notice listed the wrong conviction date and the wrong enhancement statute. In contrast, here, the government listed the case number of the prior conviction, indicating to Anthony precisely which conviction on which the government relied. Moreover, the indictment specified the amount of drugs and the statutory provision setting forth the penalties.