[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12843
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-20901-FAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ESTHER DOMINGUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 21, 2018)

Before MARTIN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Esther Dominguez appeals her 21-month sentence, imposed at the high end of the advisory guidelines range after a jury found that she was guilty of one count of theft of government money or property under 18 U.S.C. § 641. Dominguez raises five arguments on appeal. First, she argues that there was insufficient evidence presented at trial for a reasonable jury to find that she knowingly and willfully caused the government to give her workers' compensation benefits (arising out of her employment with the United States Postal Service) to which she was not entitled. Second, she contends that the evidence the government presented and relied on at trial constructively amended the indictment. Third, she asserts that the district court erred in precluding her expert witness from watching a government witness's testimony. Fourth, she argues that the district court violated her constitutional right to present a defense by prohibiting any mention of her physical condition during the period covered by the indictment that was not due to the underlying 1999 injury for which she was receiving benefits. Finally, she argues that the district court's sentence is procedurally unreasonable because the court imposed a two-level enhancement for obstruction of justice without making findings that specified the false statements that she made on the stand.

## I

We review challenges to the sufficiency of the evidence supporting a criminal conviction *de novo.*  *United States v. Wilchcombe*, 838 F.3d 1179, 1188 (11th Cir. 2016).  The evidence, viewed in a light most favorable to the government, must be such that a reasonable trier of fact could find the evidence established guilt beyond a reasonable doubt.  *Id.*  We will not reverse "unless no reasonable trier of fact could find guilt beyond a reasonable doubt."  *United States v. Farley*, 607 F.3d 1294, 1333 (11th Cir. 2010).  When a defendant takes the stand, the jury is entitled to disbelieve the defendant's testimony and, in fact, believe the opposite of what she said.  *United States v. Williams*, 390 F.3d 1319, 1326 (11th Cir. 2004).

To convict a defendant for violating § 641, the government must prove (1) that the money or property belonged to the government; (2) that the defendant fraudulently appropriated the money or property to his own use; and (3) that the defendant did so knowingly and willfully with the intent either to temporarily or permanently deprive the owner of the use of the money or property.  *United States v. McRee*, 7 F.3d 976, 980 (11th Cir. 1993) (en banc).

Here, a reasonable jury could find that Dominguez made a knowing misrepresentation in an effort to receive workers' compensation benefits to which she was not entitled.  The jury was entitled to disbelieve Dominguez's testimony

3

that her 1999 injury was still giving her "a lot of pain" and instead believe that she was not in pain. *See Williams*, 390 F.3d at 1326. Additionally, Dr. Lazzarin, the doctor who originally treated Dominguez for her 1999 work-related injury, testified that up until the last time he saw Dominguez in February 2016, she limped and used a cane every time that he saw her. The jury, however, was shown a surveillance video, recorded during a 26-day period within the time frame charged in the indictment, in which Dominguez performed various physical activities including: (1) driving a vehicle; (2) visiting several stores; (3) gardening; (4) unloading PVC pipes from a truck; and (5) sawing branches off a tree. The only time that Dominguez used a cane for support during that entire 26-day period was on September 7, 2016, when she reported to an interview with the USPS regarding her workers' compensation benefits. At that interview, Dominguez filled out a Current Capability Evaluation indicating that she could do "no activities at all," that she used a cane for ambulatory assistance, that she had "significant difficulty" driving, and that she could not perform yard work.

In light of this evidence, a reasonable jury could conclude that her condition had improved since Dr. Lazzarin began treating her in 1999, and that her second "Form CA-1032"—which she signed on February 21, 2017 and which requires that a workers' compensation recipient report any improvement in condition should she

4

have any—constituted a knowing misrepresentation in order to receive workers' compensation benefits to which she was not entitled.  *See McRee*, 7 F.3d at 980.

## II

We review a claim that an indictment was constructively amended for plain error when, as here, that claim was not raised in the district court.  *United States v. Madden*, 733 F.3d 1314, 1316 (11th Cir. 2013).  A defendant can be convicted only of a crime that is properly charged in the indictment.  *Id.* at 1318.  A constructive amendment to an indictment occurs "when the essential elements of the offense contained in the indictment are altered to broaden the possible bases for conviction beyond what is contained in the indictment."  *United States v. Dennis*, 237 F.3d 1295, 1299 (11th Cir. 2001).

For example, in *Madden*, the district court instructed the jury that it could convict the defendant if it found that he carried a firearm "during and in relation to a drug trafficking offense," when the indictment charged the defendant only with possessing a firearm "in furtherance of . . . a drug trafficking crime" and using and carrying a firearm "during and in relation to a crime of violence."  733 F.3d at 1318.  We held that the change constituted a constructive amendment because "in furtherance of" is narrower than "during and in relation to" and therefore broadened the possible bases for conviction beyond what was contained in the indictment.  *Id.* at 1318–19.

5

Here, the evidence that the government presented and relied on at trial did not constructively amend the indictment. The January 2016 Form CA-1032 did not broaden the possible bases for conviction because, although that form was backward looking, it also informed Dominguez that it would be used "to decide whether [she was] entitled to continue receiving … benefits," which would encompass the time period charged in the indictment. The government also used the January 2016 Form CA-1032 to juxtapose Dominguez's purported disability in 2016 with the surveillance video that showed her engaging in a variety of activities during the time period charged in the indictment, in an attempt to prove that her February 2017 Form CA-1032 was a knowing misrepresentation—because, in that form, Dominguez failed to report any improvement.

## III

We review for abuse of discretion a decision to exclude a witness from the courtroom. *United States v. Edwards*, 526 F.3d 747, 758 (11th Cir. 2008). We also review for abuse of discretion the district court's decisions regarding the admissibility of expert testimony. *United States v. Frazier*, 387 F.3d 1244, 1258 (11th Cir. 2004). Finally, we review for abuse of discretion a defendant's claim that the district court improperly limited her opening statement. *United States v. Burns*, 298 F.3d 523, 543 (6th Cir. 2002); *see also, e.g.*, *United States v. Anthony*, 345 F. App'x 459, 463 (11th Cir. 2009).

6

**A**

Rule 615 of the Federal Rules of Evidence provides:

> At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony.  Or the court may do so on its own. But this rule does not authorize excluding . . . (c) a person whose presence a party shows to be essential to presenting the party's claim or defense ….

Fed. R. Evid. 615.

Here, the district court did not abuse its discretion by excluding Dominguez's expert Dr. Vilasuso from the courtroom while government witness William Willoughby testified.  Dr. Vilasuso's presence in the courtroom during Willoughby's testimony was not essential to Dominguez's defense, because the surveillance videos that were introduced during Willoughby's testimony were made available to Dr. Vilasuso as "part of the evidence."  Dominguez points to nothing in the record that indicates that the district court prevented Dr. Vilasuso from watching the surveillance videos.

**B**

Under Federal Rule of Evidence 702, a witness who is qualified as an expert may testify in the form of an opinion or otherwise if "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue."  Fed. R. Evid. 702.  Importantly, the expert's testimony must also be "based on sufficient facts or data."  *Id.*

7

The district court did not abuse its discretion by preventing Dr. Vilasuso from testifying about the surveillance videos. As Dominguez concedes, Dr. Vilasuso never watched the surveillance videos. Dr. Vilasuso's testimony about the videos was, therefore, properly excluded because it was not based on "sufficient facts." *See* Fed. R. Evid. 702. Furthermore, there is no indication in the record that the district court would have barred Dr. Vilasuso from testifying about the surveillance videos at trial had he watched them. For example, Dr. Vilasuso was afforded the opportunity to testify at trial about the still photographs of the videos, which he had actually seen.

## C

An opening statement gives counsel the opportunity to state what evidence will be presented, making it easier for jurors to understand what follows. *United States v. Zielie*, 734 F.2d 1447, 1455 (11th Cir. 1984), *abrogated on other grounds by United States v. Chestang*, 849 F.2d 528, 531 (11th Cir. 1988). The making of opening statements is within the discretion of the district court. *Id.* The district court can exclude irrelevant facts. *Id.*

The district court did not abuse its discretion by prohibiting Dominguez's lawyer from mentioning Dr. Vilasuso during opening statements, because when that decision was made at the pretrial conference, there was still concern that Dr.

8

Vilasuso's testimony would be related to irrelevant medical conditions and thus inadmissible.

## IV

We review a district court's evidentiary rulings for abuse of discretion. *United States v. Hill*, 643 F.3d 807, 840 (11th Cir. 2011). The Constitution guarantees criminal defendants a meaningful opportunity to present their defense. *Frazier*, 387 F.3d at 1271. This right is not unbounded, however, and the accused does not have an unfettered right to offer testimony that is "incompetent, privileged, or otherwise inadmissible under standard rules of evidence." *Id.* Evidence is relevant if it has the tendency to make a fact of consequence in determining the action more or less probable than it would be without the evidence. Fed. R. Evid. 401.

Here, the district court did not abuse its discretion by precluding Dominguez from presenting evidence of her medical conditions other than the 1999 injury because those medical conditions had "nothing to do with [her] 1999 fall on the job." Before the trial began, Dominguez's counsel conceded that the fact that Dominguez now suffers from cancer is "not relevant to the diagnosis for purposes of the workers' compensation," and that "whatever injuries [Dominguez] suffered that [were] not part and parcel of the workers' compensation claim" should be excluded. Indeed, Dominguez's counsel acknowledged that the evidence of

9

Dominguez's other medical conditions would be relevant only if the government attempted to show that she had the physical capability to perform other jobs for the USPS—which it did not.  The district court's ruling excluding evidence of Dominguez's other medical conditions, therefore, did not deprive her of a meaningful opportunity to present her defense because those conditions were not relevant to whether she believed her 1999 injury, for which she was receiving workers' compensation, had improved.

## V

We review *de novo* whether a particular guideline applies to a given set of facts.  *United States v. McGarity*, 669 F.3d 1218, 1232 (11th Cir. 2012).  We review a district court's factual findings for clear error.  *United States v. Valnor*, 451 F.3d 744, 750 (11th Cir. 2006).

According to U.S.S.G. § 3C1.1, a defendant should receive a two-level enhancement if she "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice" during the course of an investigation, prosecution, or sentencing of the offense of conviction.  U.S.S.G. § 3C1.1.  "If a defendant objects to a sentence enhancement resulting from her trial testimony, a district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice." *United States v. Dunnigan*, 507 U.S. 87, 95 (1993).  If a defendant did not request more specific

findings of fact by the district court, "it is too late now to complain in this [C]ourt." *United States v. Smith*, 231 F.3d 800, 820 (11th Cir. 2000).

Here, the district court did not commit clear error in imposing a two-level enhancement for obstruction of justice. At trial, Dominguez testified that after engaging in the activities seen on the surveillance video, she "pa[id] the consequences," and that she had to "go inside [her] house, take medication, [and] lay down." She also testified that she "always ha[d] pain," 'ha[d] no life," frequently used her cane, and that she drove "[o]nce, twice a week. It all depends." The district court's conclusion at sentencing that Dominguez committed perjury was not clear error because her testimony was inconsistent with the surveillance videos that showed her engaging in a number of activities, some of which were strenuous in nature, including: (1) frequently driving her vehicle; (2) visiting several stores; (3) doing yard work, which required that Dominguez bend over and carry a bag; (4) carrying PVC pipes from her truck to the back of her residence; and (5) cutting branches off a tree with a saw.

To the extent that Dominguez now claims that the district court's findings of fact concerning her perjury were not specific enough, we decline to consider the argument because Dominguez did not request a more specific finding by the district court at sentencing. *Smith*, 231 F.3d at 820.

**AFFIRMED.**

11